THE STATE OF KANSAS v. CHARLES GRANVILLE, et al.

1. COSTS in Criminal Case. A judgment of conviction in a criminal case in the district court carries costs against the defendant. (Commissioners v. Whiting, 4 Kas. 273.)

2. COSTS, How Taxed. When the prosecution is for a felony and the conviction only of a misdemeanor included therein, only such costs are taxable as would have been taxable had the prosecution been for the misdemeanor. (State v. O'Kane, 23 Kas. 244.)

3. CHARGE OF FELONY; Conviction for Misdemeanor; Costs. As the district court has jurisdiction concurrently with justices of the peace of misdemeanors, if the defendant be bound over on a preliminary examination before a justice of the peace in answer to a charge of felony, and thereafter on trial in the district court is found guilty of only a misdemeanor, which might have been tried before the justice, the costs of the preliminary examination are properly taxable against the defendant, and this notwithstanding that on such preliminary examination he demanded that the charge of felony be abandoned and he be put upon trial simply for the misdemeanor.

4. WITNESS FEES, Properly Taxed. A joint prosecution against four defendants was commenced and witnesses subpenaed by the state for the trial; a separate trial was demanded and one of the defendants tried be-

fore a jury. After a verdict of guilty was returned the other defendants pleaded guilty; some of the witnesses subpenaed and attending were not sworn. There being nothing in the record to show for what purpose they were subpenaed, or that their testimony would not have been necessary on the trial of the others who pleaded guilty, *held*, that such witness fees were properly taxable against the defendants.

5. ONE INFORMATION AGAINST SEVERAL DEFENDANTS; *Fees of County Attorney.* A single information having been filed against four defendants, they demanded separate trials. After a jury had returned a verdict of guilty against one, the others entered a plea of guilty; thereupon a single journal entry of judgment was made, in which a separate punishment was imposed upon each of the four defendants, but a joint judgment against all for the entire costs. *Held,* That, whether upon a plea of guilty in an ordinary case the county attorney is entitled to a trial fee or not, the pleas of guilty entered in this case were in effect a waiver of the demand for separate trials, and a consent that the single verdict should stand as a verdict against all, and that a single trial fee was all that was taxable to the county attorney.

### Appeal from Harvey District Court.

INFORMATION against *Charles Granville, William Lloyd, Lewis Logan,* and *Samuel Stewart,* for an assault and battery upon and with intent to maim E. C. Willis, on February 3, 1881. Trial at the March Term, 1881, of the district court, when the defendant *Granville* was found guilty of an assault and battery, and sentenced to pay a fine of $3. The other defendants, upon their plea of guilty of an assault and battery, were sentenced to pay fines as follows: Lloyd, $5; Logan, $10; Stewart, $15. The four defendants were adjudged to pay the costs of the prosecution, taxed at $297.70. Their motion for a retaxation of the costs being overruled, they appeal. Other facts appear in the opinion.

*Bowman & Bucher,* for appellants.

*John Reid,* county attorney, for The State.

The opinion of the court was delivered by

BREWER, J.: The facts in this case are briefly as follows: The defendants were arrested and taken before a justice of the peace, where they had a preliminary examination on a charge

of assault with intent to maim. On the examination, counsel moved the justice to discharge Granville from the charge against him, and to hold him for trial for simple assault and battery; but this motion was overruled, and the defendants were all bound over for trial at the district court. Information was filed in the district court, to which Granville tendered a plea of guilty of assault and battery; but the plea was not accepted, and the case went to trial. The defendants demanded and were awarded a separate trial; and Granville's case was first tried, and a verdict returned of guilty of assault and battery. A motion for a new trial was overruled. The other defendants pleaded guilty to assault and battery, and all four were sentenced to pay fines and the costs of the prosecution. They filed a motion for retaxation of costs, which being overruled, they appealed to this court.

The only question before us is one of taxation of costs; and first, counsel challenge the right to render any judgment of costs. The argument is, that costs were unknown to the common law, and that there is no statute declaring in terms that, upon conviction in the district court, the judgment shall carry costs against the defendants. Notwithstanding the apparent defect in the statute, this question is not an open one, having been determined in the early history of this court in the case of *County Commissioners v. Whiting,* 4 Kas. 273. It was there 1. Costs in crimi- decided that, when any person has been convicted nal case. of crime, he is liable for all costs, both in the prosecution and the defense of the case. There was then, as now, no statute specifically declaring that such judgment should carry costs; but the implications of the statute were so clear that the court felt warranted in so ruling. That decision, having been made more than a dozen years ago, and having been accepted by the profession and by the legislature ever since as a correct expression of the statute, ought not to be disturbed. If the legislature had thought that such ought not to be the law, it would so have expressed itself in subsequent statutes. The court having once construed the statutes, and the legislature having taken no steps to change them, it is to

be taken as though the legislature had unmistakably so expressed its intent; and while there is room for the very plausible argument made by counsel, yet it is also evident from many sections of the statutes then as now in force, that the legislature supposed that such judgments carry costs.

Among the sections carrying this implication may be noticed §19, ch. 39, and §§ 245, 251 and 253 of ch. 82 of the Comp. Laws of 1879. A question of practice once settled ought not to be disturbed, especially one whose decision was so just and in such obvious harmony with the general scope and intent of the law.

It is insisted that because the justice of the peace declined to discharge the defendant Granville upon his application from the charge made against him, and hold him to trial for simple assault and battery, and inasmuch as the final outcome of the proceeding was only conviction for assault and battery, that he should not be charged with the extra costs caused by the state's insisting on a prosecution for a felony. It is undoubtedly true, as held by this court in the case of *The State v. O'Kane*, 23 Kas. 244, that when a prosecution is for a felony and the defendant convicted thereunder for only a misdemeanor, that he is liable for such costs only as would be taxable in a prosecution for the misdemeanor. But we cannot agree with counsel that the costs of the preliminary examination are not properly taxable against the defendants.

2. Costs, how taxed.

The district court has jurisdiction concurrently with justices of the peace in cases of misdemeanor; and even in such cases a preliminary examination is proper if not necessary to a trial in the district court. The defendant has no right to choose before what tribunal he will be tried; but the state may elect where it will prosecute. Nor is the state to be mulcted in costs because, commencing a trial for felony, it is finally ascertained by the verdict of the jury that the offense committed is really a misdemeanor. So far as fees are less for official services in misdemeanor cases, the defendant, if convicted only of the misdemeanor, is chargeable with only

11 — 26 KAS.

the smaller fees; but so far as the proceedings were properly had in the prosecution for any offense, all the costs thereof are taxable against the defendant convicted, and this notwithstanding it should finally appear that the defendant could have been tried for the offense of which he is in fact guilty in a tribunal of less jurisdiction, and where the proceedings are less expensive.

*3. Charge of felony; conviction for misdemeanor; costs.*

Again, certain witnesses were subpenaed by the state who were not sworn in the trial against Granville, nor sworn at all, inasmuch as the other defendants pleaded guilty. The right to tax fees for these witnesses is challenged. We are not advised by the record for what purpose these witnesses were subpenaed — whether to be used in rebutting some testimony expected from the defendant Granville, or in the prosecution of the case against the other defendants; and we cannot presume that witnesses were unnecessarily subpenaed, or costs unnecessarily made. The fact that witnesses were not used does not prove that they were not properly subpenaed. Especially is this true when some of the defendants plead guilty. It is the duty of the state to prepare for trial — to have its witnesses subpenaed and in attendance; and if at the last moment the defendants plead guilty, and thus avoid the necessity of proving their guilt, it will be presumed, in the absence of proof, that those witnesses were the very ones whose testimony would have established the guilt, and therefore that they were properly subpenaed, properly in attendance, and their fees a proper charge against the defendants.

*4. Witness fees, properly taxed.*

A final objection is, that a trial fee of $10 was taxed for the prosecuting attorney against each defendant; and it is insisted that as three of them pleaded guilty there was no trial as to those three, and therefore there should be no fee for trial taxed, save as against Granville. It will be borne in mind that before any trial, the defendants demanded and were awarded each a separate trial, and it is insisted by the state that there became in effect thenceforth four separate cases, properly docketed as such, and the proceedings in the

court, properly the proceedings in four separate cases; that if they had gone to trial, each case would have been tried separately, a separate jury impanneled, separate verdict returned, and separate judgment entered.   While on the other hand, it is claimed that no trial fee is taxable unless there is in fact a trial as defined in the civil code, and that even if this be not so, that in effect the plea of guilty was a waiver of the demand for a separate trial, and left the case as a single prosecution against four defendants.   As a matter of fact, while different fines were imposed, there was only one journal entry of judgment.   Without passing upon the question as to whether a trial fee is taxable in case of a plea of guilty, we think it fair to hold that such plea was in this case really a waiver of the demand for a separate trial, and a consent to take the verdict against one as a verdict against all.   The state seemed to treat it so in the journal entry.   There was but the one entry, and a joint judgment against all four for the costs.   So that there was error in taxing $30 trial fees in three cases.   In this respect, the judgment will be modified; otherwise, it will be affirmed.   The costs of this court will be divided.

5. One informa-
tion against
several defend-
ants; fees of
county attorney.

All the Justices concurring.