*In re* Donnelly, *Petitioner, &c.*

---

*In the matter of the Petition of* NEIL DONNELLY AND MORRIS COTTER, *for a Writ of Habeas Corpus.*

MISDEMEANOR; *Trial before Justice of the Peace.* Where a party is arrested and brought before a justice of the peace, charged with the commission of a misdemeanor of which the justice of the peace and the district court have concurrent original jurisdiction, the defendant has a right to demand a trial before the justice of the peace, and the state has no right to elect to treat the proceedings before the justice of the peace as a mere preliminary examination, and have the party committed for a final trial at the next term of the district court.

### Original Proceedings in Habeas Corpus.

PETITION for a writ of *habeas corpus*, filed in this court, March 22, 1883, by *Neil Donnelly* and *Morris Cotter*. The petitioners alleged that —

"They are unlawfully imprisoned, detained, confined and restrained of their liberty by Henry B. Asher, at the city of Lawrence, in the county of Douglas and state of Kansas; that said imprisonment, detention, confinement and restraint are illegal; and that the illegality thereof consists in this, to wit: that the said Asher pretends and claims to hold your petitioners and restrain them of their liberty under and by virtue of a written order of commitment, signed, and directed to said Asher as sheriff of said county, by one S. D. Anderson as a justice of the peace of Palmyra township, in said county of Douglas, commanding said Asher to commit your said petitioners to the jail of said county of Douglas, to answer charges against them at the next term of the district court thereof for selling intoxicating liquor without license; that said justice, as your petitioners believe and charge, had no jurisdiction or power to order or require your petitioners to give bail for their appearance at the next term of the district court of said county for trial, in default of which it is alleged that said commitment was issued; and that said commitment was illegal and void.

"Wherefore, your petitioners pray that a writ of *habeas corpus* may be granted, directed to said Henry B. Asher, commanding him to have the bodies of the said Morris Cotter and Neil Donnelly before your honor, at a time and place to be specified, to do and receive what shall then and there be considered by your honor concerning them, together with the time and cause of said detention, and said writ, and that they may be restored to their liberty."

The writ prayed for was issued, and made returnable before the supreme court, at Topeka, April 5, 1883.

*John Hutchings*, for plaintiffs.

*George J. Barker*, for respondent.

The opinion of the court was delivered by

VALENTINE, J.: This is a proceeding in *habeas corpus*, brought originally in this court. The petitioners were charged with the offense of selling intoxicating liquors in violation of the prohibitory law. This offense is a misdemeanor, in which the fine cannot exceed $500, and the imprisonment cannot exceed one year. It is conceded that of such offenses jus-

tices of the peace and the district courts have concurrent original jurisdiction. (Laws of 1869, ch. 61, §§1, 2; Gen. Stat. 1868, ch. 28, §1; Comp. Laws of 1879, ch. 83, §1; id., ch. 28, §1; *The State v. Granville*, 26 Kas. 158.)

The petitioners were taken before a justice of the peace on such charge, and when brought before the justice they demanded a trial, but the county attorney asked for a preliminary examination, which was granted by the justice. As a result of such examination, the defendants were committed, in default of bail, to the county jail for trial at the next term of the district court. They now file a petition in *habeas corpus* in this court, asking to be released from such imprisonment, claiming that it is illegal and void. It will therefore be seen that the only question involved in this case is, whether, when a party is arrested and brought before a justice of the peace, charged with the commission of a misdemeanor of which the justice of the peace and the district court have concurrent original jurisdiction, the defendant has a right to demand a trial before the justice of the peace; or may the state elect to treat the proceeding before the justice as a mere preliminary examination, and have the party committed for final trial at the next term of the district court?

Prior to 1869, justices of the peace had exclusive original jurisdiction, coëxtensive with their respective counties, in all cases of misdemeanor in which the fine could not exceed five hundred dollars and the imprisonment could not exceed one year, and no preliminary examination was allowable in such cases. The principal provisions of the statute relating to this subject read as follows:

"SECTION 1. Justices of the peace shall have exclusive original jurisdiction, coëxtensive with their respective counties, in all cases of misdemeanor in which the fine cannot exceed five hundred dollars and the imprisonment cannot exceed one year, except as otherwise provided by law.

"SEC. 2. Whenever a complaint shall be made to a justice of the peace, on the oath or affirmation of a person competent to testify, charging any person with the commission of any misdemeanor, he shall forthwith issue a warrant

13—30 KAS.

for the arrest of such person, and cause him to be brought forthwith before him for trial. Such warrant shall be executed by the sheriff, or any constable of the county, or any person specially appointed, in writing, by the justice. . . ."

"SEC. 24. If, in the progress of any trial before a justice of the peace under the provisions of this act, it shall appear that the defendant ought to be put upon his trial for an offense not cognizable before a justice of the peace, the justice shall immediately stop all further proceedings before him, and proceed as in other criminal cases exclusively cognizable before the district or criminal court." (Gen. Stat. of 1868, ch. 83, §§ 1, 2, and 24.)

The above-quoted statutes are still in force, except that § 1, above-quoted, was amended in 1869, so as to read as follows:

"SECTION 1. Justices of the peace shall have concurrent original jurisdiction with the district court, coëxtensive with their respective counties, in all cases of misdemeanor in which the fine cannot exceed five hundred dollars, and the imprisonment cannot exceed one year, except as otherwise provided by law." (Laws of 1869, ch. 61, § 1; Comp. Laws of 1879, ch. 83, § 1; also §§ 2 and 24.)

The only effect of the amendment of the Laws of 1869 is to give district courts equal and concurrent original jurisdiction with justices of the peace in all cases of misdemeanor in which the fine cannot exceed five hundred dollars and the imprisonment cannot exceed one year; and it did not and could not have the effect to authorize preliminary examinations.

There is no statute in existence that requires that preliminary examinations shall be had in cases of misdemeanor in which the fine cannot exceed five hundred dollars and the imprisonment cannot exceed one year; and there is no statute in existence authorizing justices of the peace, either with or without the consent of the county attorney, to divest themselves of jurisdiction in such cases of misdemeanor to finally hear and determine the cases when jurisdiction has once attached. On the contrary, § 2, above quoted, requires that whenever a party has been arrested on the charge of com-

mitting a misdemeanor as above specified, he shall be brought *forthwith* before the justice, not for preliminary examination, but for trial. And while there is no statute which requires that a preliminary examination shall be had in any such cases of misdemeanor, yet there is a statute which requires that a preliminary examination shall be had in all cases of felony. (Laws of 1871, ch. 117, § 2, amending § 69 of the Criminal Code.) The word "felony" in the section just cited is erroneously printed "offense" in the Compiled Laws of 1879. This *misprint* misled this court in the case of *The State v. Granville*, 26 Kas. 158, 161. Now as felonies can only be tried in the district court, and as long intervals of time generally elapse between the terms held by the district court, there are good reasons for requiring that preliminary examinations shall be had in cases of felony, which do not apply in cases of misdemeanor. Felonies, being offenses of considerable magnitude, demand more formality, care, and caution in their trial than misdemeanors, which are only smaller offenses. In felonies the accused should be arrested and held to bail or imprisonment until his case can be called for trial; but in misdemeanors the trial can be had immediately, and as soon as the accused is arrested, and consequently there is no necessity for any preliminary examination. Besides, by trying cases of misdemeanor as soon as the defendant is arrested, the double expense of having both a preliminary examination and a final trial is avoided.

As before stated, there is no statute in existence directing a justice of the peace under any circumstances to divest himself of the jurisdiction to finally hear and determine a case of misdemeanor which has been properly brought before him; and even if a preliminary examination should be considered as permissible in such cases, still there is no statute directing the justice of the peace, after a preliminary examination has been terminated, to send the case to some other court for trial, or prohibiting the justice of the peace from trying the case himself.

But suppose the justice of the peace has power to take

charge of a preliminary examination in any ordinary case of misdemeanor, and then to divest himself of jurisdiction to hear and determine the case on the final trial, still there is no statute in existence directing him to send the case to any other court than his own for trial, and certainly none directing him to send the case to any one court having jurisdiction in preference to any other court having jurisdiction. There is no statute directing him to send a case to the district court in preference to sending the same to any justice of the peace of the county; for it is conceded that every justice of the peace in the county has equal and concurrent jurisdiction with the district court to hear and determine such cases. There is no pretense of any statute giving to the district court preference over any justice of the peace of the county in such cases. On the contrary, the jurisdiction of all such courts in all such cases is *concurrent* and *equal*. Under the statutes, the district court takes jurisdiction in cases of misdemeanor such as we are now considering, in precisely the same manner that justices of the peace do, and tries them in precisely the same manner; and the court first obtaining jurisdiction, retains it. The statute expressly says so with reference to the trial of such cases before justices of the peace. (Comp. Laws of 1879, ch. 83, § 2.) We think *the statute ought to be obeyed.* There is no statute authorizing the county attorney to take a case of misdemeanor within the jurisdiction of a justice of the peace from such justice, and have it sent to any other court having jurisdiction of the case. The county attorney may commence a prosecution in any court he chooses, provided it has the requisite jurisdiction to hear and determine the case; but there is no statute giving to him any discretionary authority to remove a case from one court having jurisdiction to any other court, at his option. Changes of venue from one court having jurisdiction to another court having jurisdiction, are taken in a different manner. Besides, preliminary examinations, coupled with removal of causes from one court having jurisdiction to another court having the same jurisdiction, necessarily involve more or less delay, often

for months; and is such *delay*, at the *option* of a county attorney, the proper way to *obey* that provision of the constitution of the state which guarantees to every defendant in a criminal prosecution "a *speedy* public trial"? (See Const., Bill of Rights, § 10.) And can it be supposed from any general language that may be found in any of the statutes, that the legislature *intended* that the constitution should be thus obeyed? There is no definite or express language to be found in the statute to that effect; but as before stated, § 2, ch. 83 of the General Statutes, says directly to the contrary.

To recapitulate: Prior to 1869, justices of the peace had exclusive original jurisdiction in all cases of misdemeanor in which the fine could not exceed five hundred dollars, and the imprisonment could not exceed one year; and no preliminary examination was permissible, but a trial was to be had in the first instance in all such cases. In 1869 the law was so amended that district courts take concurrent jurisdiction with justices of the peace in such cases of misdemeanor, and take such jurisdiction in the same manner and to the same extent that justices of the peace do. But the jurisdiction of justices of the peace is not lessened, or abridged, or modified in any manner whatever; their jurisdiction remains precisely the same; they can take jurisdiction to hear and determine cases of misdemeanor in which the fine cannot exceed $500 and the imprisonment cannot exceed one year, just as they previously did; and this jurisdiction cannot be reduced by the county attorney, or the justice, or both, so as to render the justice of the peace merely an examining magistrate to hear preliminary examinations in such cases. There is no statute giving to justices of the peace jurisdiction to hear preliminary examinations in such cases, and § 2 of ch. 83 of the General Statutes in effect prohibits the same; for that section requires that the hearing of the case before the justice shall be "a trial," and there is nothing in the statutes that purports to repeal or modify said § 2. Repeals or modifications by implication are never favored.

Before closing this opinion, we might say that the word

*In re* Donnelly, *Petitioner; &c.*

"offense," as found in article 5, chapter 82 of the General Statutes of 1868, and of the Compiled Laws of 1879, was not intended at the time to apply to misdemeanors in which the fine could not exceed five hundred dollars and the imprisonment could not exceed one year; for by the statutes passed by the same legislature it was impossible for such word to apply to such cases, and no statute has since been passed which indicates that the legislature intended that said word "offense" should apply to such cases of misdemeanor. We think it is a well-settled principle of law, that general words can never overturn or destroy particular statutes, where it can be seen beyond all question, as in this case, that the legislature did not intend that the general words should destroy the particular statute in question.

After a careful consideration of this case, we have come to the conclusion that justices of the peace have no jurisdiction to entertain preliminary examinations in cases of misdemeanor where the fine does not exceed five hundred dollars and the imprisonment does not exceed one year, but that they have jurisdiction to finally try and determine such cases. It therefore follows that the preliminary examination had in the present case was and is void, and the petitioners are entitled to be discharged.

The prayer of the petitioners will be granted, and judgment rendered accordingly.

HORTON, C. J., concurring.
BREWER, J., dissenting.