### In the matter of the Petition of CLARENCE EDDY for a Writ of Habeas Corpus.

1. INFORMATION — *Filing.* A county attorney may file an information in vacation for a misdemeanor cognizable before a justice of the peace, and of which the district court also has jurisdiction.

2. ———— Sections 1 and 2, of chapter 178 of the Laws of 1887, construed.

3. INFORMATION, *Filed in Vacation — Warrant — Bail — Irregularity.* It is the duty of the clerk of the court to issue a warrant upon an information filed in vacation, naming therein the offense and the county where it was committed, and requiring the officer to bring the accused before the judge or clerk to be admitted to bail; but when the clerk, at the time the warrant was issued, indorsed thereon that the judge was absent from the county, and fixed the amount of bail required, it was a mere irregularity of the clerk of which the accused cannot complain.

### Original Proceeding in Habeas Corpus.

PETITION filed in this court on November 26, 1888. The facts sufficiently appear in the opinion herein, filed on January 5, 1889.

*Strohm & Foley*, for petitioner.

*S. S. Ashbaugh*, county attorney, *contra*.

Opinion by HOLT, C.: On the 21st day of November, 1888, S. S. Ashbaugh, county attorney of Kingman county, filed an information in the office of the clerk of the district court of said county, in vacation, charging Clarence Eddy with unlawfully selling intoxicating liquors, etc. On this information a warrant was issued by the clerk, which is, after caption :

"Whereas, an information has been presented and filed against Clarence Eddy, charging him with the offense of selling intoxicating liquors contrary to law; therefore you are hereby commanded forthwith to arrest said person, and in default of the amount of bail indorsed hereon, with good and sufficient surety for his appearance before the judge of the district court of Kingman county, in the twenty-eighth judicial district of the state of Kansas, on the first day of the next term thereof, to answer the state of Kansas on said charge for said offense, to commit him to the jail of the county of Kingman until discharged by law; and make due return of this writ," etc.

Upon the back of the warrant the clerk made the following indorsement: "Judge S. W. Leslie being absent from the county; bail required, $1,000." Upon this warrant Eddy was arrested, and confined in Kingman county; he makes application in this court to be released.

The petitioner claims that his imprisonment is illegal in this, that the county attorney had no authority to file this information in vacation; that the warrant was defective because it did not state the county in which the offense was committed ; and further, that it did not direct the sheriff to take him, when arrested, before the judge of the court, or the clerk thereof, for the purpose of admitting him to bail; he further states that he was confined in a place other than the county jail of Kingman county.

It will require an examination of §§ 1 and 2, chapter 178, of the Laws of 1887, to ascertain the power of the county attorney to file an information for a misdemeanor. The part

38 — 40 KAS.

of section 1 of said chapter which has reference to this matter is as follows:

"Section 1. That section sixty-seven of chapter eighty-two of the General Statutes of 1868 be amended so as to read as follows: Section 67. Informations may be filed during term-time or in vacation in any court having jurisdiction of the offense specified therein, by the prosecuting attorney of the proper county as informant."

The only changes made by the amendment are, that under the old law informations could be filed during term-time, "or within twenty days preceding the term," and "except in cases of fugitives from justice, which may be filed with the clerk in vacation." It is evident by this amendment that the legislature intended informations might be filed at any time; the petitioner claims, however, that the second section does not authorize the filing of an information in cases of this nature in vacation, in the district court. That part of section two which has reference to this phase of the question we are considering, is:

"Sec. 2. That section two of chapter one hundred and seventeen of the session laws of 1871 be amended to read as follows: Section 69. No information shall be filed against any person for any felony until such person shall have had a preliminary examination therefor as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such examination: *Provided, however,* That informations may be filed without such examination against fugitives from justice, and in misdemeanor cases not cognizable before justices of the peace."

In the original section it was provided that informations might be filed without a preliminary examination against fugitives from justice; in the section as amended it is added, "and in misdemeanor cases not cognizable before justices of the peace." The petitioner claims that this addition, by naming the class of misdemeanors in which informations may be filed, precludes the filing thereof in all other misdemeanors, and calls to the support of his contention the familiar rule that "the express mention of one thing implies the exclusion

of all others." We admit the correctness of the rule in the construction of statutes, but decline to apply it in the manner urged by the petitioner. There is another rule equally as well established and binding upon the courts as the one he cites, which is to construe statutes in such a manner as to give some force to every part thereof when it can be done. By reverting to § 1 we there find general authority given to the county attorney to file informations in any court having jurisdiction of the offense specified therein. The district court had jurisdiction of the offense described in the information filed against the petitioner. Section 2, and original § 69 each had reference to preliminary examinations, specifically stating when one was required and when it might be dispensed with. Viewed in this light, every portion of both sections is given a signification reasonable within itself, and not contradicting the ordinary and natural meaning to be given to any other part of either section. That portion of § 2 now under consideration does not give power to the officer to file an information against the person for a misdemeanor not cognizable before a justice, for that power is given already by the plain provisions of § 1; but it does permit him to file one without any preliminary examination having been had. This interpretation of this provision does not annul any part of § 1, nor take from the list of crimes any one embraced within its comprehensive terms; it is intended as an exposition or explanation of the first part of the same section, which provides that a preliminary examination must be had in any felony before information could be filed. It was a disputed question among many whether it could be, without a preliminary examination. (*The State v. Granville*, 26 Kas. 158.) This provision is intended to remove that doubt, and to declare plainly that one was not prerequisite to filing an information. Concerning preliminary examinations, see *The State v. Granville*, supra; *In re Donnelly*, 30 Kas. 191, 424.

The petitioner further alleges that the warrant does not state the county in which the offense was committed, and that it did not require the officer to whom it was directed to forth-

*In re* Eddy, *Petitioner.*

with take him before the judge or clerk of the court to be admitted to bail; but the warrant does show that the judge was absent from the county at the time the warrant was issued, and that the clerk fixed the amount of bail at $1,000. If the party had been arrested and brought before the clerk in the absence of the judge from the county, he could have done no more than fix the bail; he could not have approved any recognizance he might have given. (*The State v. Morrow,* 5 Kas. 563.) If he did fix the amount of bail before the warrant was issued, it was an irregularity of which the defendant ought not to complain; he has not suffered; he knew the amount of bail required; he could have offered it to the sheriff; for this mere irregularity of the clerk, the defendant certainly ought not to be released from custody.

The complaint that he was confined in a place other than the county jail of Kingman county, is answered by the return of the sheriff upon the warrant itself, which is the only evidence before us, and is in substance, that he committed the petitioner to the jail of Kingman county and delivered a certified copy of the warrant to the jailer thereof.

We recommend that the writ be denied the petitioner.

By the Court: It is so ordered.

HORTON, C. J., and JOHNSTON, J., concurring.

VALENTINE, J.: I concur in the decision in this case. District courts have general original jurisdiction in all strictly criminal cases. They have concurrent original jurisdiction with justices of the peace in all cases of misdemeanor ·in which the fine cannot exceed $500 and the imprisonment cannot exceed one year, and exclusive original jurisdiction in all other criminal cases. The prosecution of all criminal cases in the. district court may be either upon indictment or upon information. (Crim. Code, § 66.) Where it is upon information the information may be filed in the court at any time, either during a term of court or in vacation. (Criminal Code, § 67, as amended by § 1 of chapter 178 of the Laws of 1887.) In cases of *felony,* however, there must first be a preliminary

examination, unless the defendant is a fugitive from justice, in which case no preliminary examination is necessary. (Criminal Code, § 69, as amended by § 2 of chapter 178 of the Laws of 1887.) This seems to be about the only limitation to the filing of informations, and it applies strictly to cases of *felony.* In cases of misdemeanor no preliminary examination is ever necessary. ( *The State v. Watson,* 30 Kas. 281 ; *In re Donnelly,* 30 id. 191, 424.) No statute ever required a preliminary examination in such cases. The words "and in misdemeanor cases not cognizable before justices of the peace," were evidently inserted in § 69 of the criminal code as amended in 1887, simply for the purpose of making it plain that no preliminary examination need be had in that class of misdemeanor cases, and were not inserted for the purpose of repealing the law giving to the district court concurrent original jurisdiction with justices of the peace in all other misdemeanor cases, and were not inserted for the purpose of repealing the law authorizing such other misdemeanor cases to be prosecuted without any previous preliminary examination; nor were they inserted for the purpose of requiring a previous preliminary examination in such other misdemeanor cases. At one time, because of a misprint of a statute, there seems to have been some doubt with reference to what the law required upon this subject. ( *The State v. Granville,* 26 Kas. 158, 161 ; *In re Donnelly,* 30 id. 195, 431.) The legislature in amending said § 69 of the criminal code, simply intended, among other things, to make plain what was already the law with reference to misdemeanor cases not cognizable before justices of the peace. Said section has no reference whatever to other misdemeanor cases.