(736 P.2d 956)
No. 60,174

STATE OF KANSAS, *Appellee*, v. FREDERICK J. FRAZIER, *Appellant*.

—

Opinion filed May 14, 1987.

*Paul M. Dent*, of Kansas City, for the appellant.

*Bill Klapper*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, C.J., REES and BRISCOE, JJ.

ABBOTT, C.J.: This is a direct appeal by the defendant Frederick J. Frazier from his convictions of theft under $150 (K.S.A. 1986 Supp. 21-3701), battery against a law enforcement officer (K.S.A. 21-3413), and obstructing legal process or official duty (K.S.A. 21-3808). All three violations are class A misdemeanors.

A security officer observed defendant concealing clothing and household items under his clothing in a store at the Indian

Springs Mall. The security officer alerted a uniformed law enforcement officer, who attempted to apprehend the defendant. The defendant physically resisted, and the uniformed officer called for assistance. Two persons responded to the call, a Wyandotte County Sheriff's officer and the assistant director of the mall. Defendant continued to resist and also doubled up his fist and deliberately struck one of the uniformed officers in the chest. Defendant continued his combativeness after being arrested and handcuffed. He kicked items, refused to walk, and had to be carried to a vehicle. Once in the vehicle, he thrashed about and kicked the dashboard of the car.

Defendant contends that, since he was arrested within the city limits of Kansas City, Kansas, it was the city, not the county, which had jurisdiction, and that the charges of battery against a law enforcement officer and obstructing official duty were multiplicitous.

Defendant does not cite any authority for his position that the municipal court had exclusive jurisdiction to hear the charges as they were violations of city ordinances. The trial court found that both the municipal court of Kansas City, Kansas, and the district court of Wyandotte County had jurisdiction.

K.S.A. 20-301 outlines the jurisdiction of Kansas district courts:

"There shall be in each county a district court, which shall be a court of record, and shall have general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law, and also shall have such appellate jurisdiction as prescribed by law."

K.S.A. 12-4104 outlines the jurisdiction of Kansas municipal courts:

"The municipal court of each city shall have jurisdiction to hear and determine cases involving violations of the ordinances of the city. Search warrants shall not issue out of a municipal court."

It is obvious that the legislature did not intend to confer exclusive jurisdiction upon the municipal court for every offense which constituted a violation of a city ordinance and also a violation of a state statute.

In *Rice v. State of Kansas*, 3 Kan. 141 (1865), defendant was charged in the Criminal Court of Leavenworth County with setting up and keeping a gambling device called a faro-bank for gain and inducing "divers idle and ill-disposed persons" to bet

on the game of faro "to the corruption of good morals, and the common nuisance of all the citizens of the state residing in the neighborhood." 3 Kan. at 156-57. The defendant challenged the jurisdiction of the Criminal Court of Leavenworth County, and a demurrer was filed against the plea and was sustained by the trial court.

"The question is not, whether when the city shall have exhausted its power in a given case, the state can inflict punishment for the same offense? But whether *either* may not inflict the prescribed penalty. It is not necessary in this case to decide whether both can punish for the same act; but we have no doubt but that the one which shall first obtain jurisdiction of the person of the accused, may punish to the extent of its power." 3 Kan. at 164.

In *In re Donnelly, Petitioner, &c,* 30 Kan. 191, 1 Pac. 648 (1883), the defendants were charged by the justice of the peace with selling intoxicating liquors. The parties conceded that justices of the peace and the district courts had concurrent original jurisdiction. 30 Kan. at 192-93. The only question involved in the appeal was:

"[W]hen a party is arrested and brought before a justice of the peace, charged with the commission of a misdemeanor of which the justice of the peace and the district court have concurrent original jurisdiction, [does] the defendant [have] a right to demand a trial before the justice of the peace; or may the state elect to treat the proceeding before the justice as a mere preliminary examination, and have the party committed for final trial at the next term of the district court?" 30 Kan. at 193.

The Supreme Court noted that prior to 1869 justices of the peace had exclusive original jurisdiction in all misdemeanor cases in which a fine could not exceed five hundred dollars and imprisonment could not exceed one year. A preliminary examination was not allowed in such cases. In 1869, however, the law was amended, giving district courts equal and concurrent original jurisdiction with justices of the peace in all such misdemeanor cases. The court noted that once a party had been properly brought before a justice of the peace, the justice had no power to conduct a preliminary examination and then divest himself of the authority to hear a case and transfer it to the district court. The court further noted:

"There is no statute directing him to send a case to the district court in preference to sending the same to any justice of the peace of the county; for it is conceded that every justice of the peace in the county has equal and concurrent jurisdiction

with the district court to hear and determine such cases. There is no pretense of any statute giving to the district court preference over any justice of the peace of the county in such cases. On the contrary, the jurisdiction of all such courts in all such cases is *concurrent* and *equal*. Under the statutes, the district court takes jurisdiction in cases of misdemeanor such as we are now considering, in precisely the same manner that justices of the peace do, and tries them in precisely the same manner; and the court first obtaining jurisdiction, retains it. . . . The county attorney may commence a prosecution in any court he chooses, provided it has the requisite jurisdiction to hear and determine the case; but there is no statute giving to him any discretionary authority to remove a case from one court having jurisdiction to any other court, at his option." 30 Kan. at 196.

Here, the district court of Wyandotte County had jurisdiction.

The defendant next argues that striking the officer in the chest was part of obstructing the officer's official duty and, therefore, the two offenses should be merged into one.

The issue of multiplicity of crimes arising out of the same conduct is governed by K.S.A. 1986 Supp. 21-3107(1): "When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment." The defendant was resisting, opposing, or obstructing the officer in his official duty even before the second officer arrived on the scene. After the defendant struck the second officer in the chest, he continued his resistive behavior—refusing to walk to the security office, kicking over chairs while in the security office, and refusing to walk out to the police car, resulting in the officers' physically carrying him to and placing him inside the car. Once inside the car, the defendant kicked the dashboard and threatened the officer.

In *State v. Freeman*, 236 Kan. 274, 689 P.2d 885 (1984), the Supreme Court defined "multiplicity" as "the charging of a single offense in several counts of a complaint or information." 236 Kan. at 280.

"The test concerning whether a single transaction may constitute two separate and distinct offenses is whether the same evidence is required to sustain each charge. If not, the fact that both charges relate to and grow out of the same transaction does not create a single offense where two distinct offenses are defined by statute. [Citation omitted.]" 236 Kan. at 281.

"If each offense charged requires proof of a fact not required in

proving the other, the offenses do not merge." *State v. Chears*, 231 Kan. 161, 162, 643 P.2d 154 (1982). Under K.S.A. 21-3413, the State is required to prove that defendant intentionally touched or applied force in a rude, insolent, or angry manner to the person of a law enforcement officer while engaged in the performance of his duty. Obstruction of official duty under K.S.A. 21-3808 does not require the law enforcement officer to be touched at all. In *State v. Parker*, 236 Kan. 353, Syl. ¶ 4, 690 P.2d 1353 (1984), the Supreme Court held that "[t]he scope of K.S.A. 21-3808 is broad enough to encompass oral statements as well as physical acts." Under 21-3808, the State is required to prove that the act of the defendant substantially hindered or increased the burden of the officer in the performance of his official duty. The State is not required to prove this element in the battery against a law enforcement officer charge. The charges are not multiplicitous and the trial court did not err.

Affirmed.