No. 29,050.

LOIS OTT, *Appellee*, v. WILLIAM F. OTT, *Appellant.*

(283 Pac. 918.)

Opinion filed January 11, 1930.

*J. B. Wilson,* of Lawrence, for the appellant.

*George K. Melvin* and *R. E. Melvin,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is a proceeding in contempt for failure to pay alimony awarded in a divorce action. Judgment was rendered adjudging the defendant guilty of contempt for failing to comply with the order of the court directing the payment of alimony, and the defendant appeals.

The plaintiff and the defendant had been husband and wife and had been divorced. In the decree of divorce the defendant was ordered to pay the plaintiff the sum of $5 a week as alimony for the support of the plaintiff and of their minor child. Payments had been made. Other proceedings in contempt had been filed. In the complaint on which the present proceeding is based the plaintiff alleged that the defendant was in arrears in the sum of $180 in the payment of alimony. The defendant in his answer alleged that he was in arrears in the sum of $170 only.

■ The defendant complains of the burden of proof being placed on him to show that he was not in contempt of court. At the trial, after the plaintiff had made her trial statement, the court said:

"The situation as I get it is this: The defendant admits the motion so far as the amounts are concerned and things of that kind. Everything is admitted that the plaintiff could prove so I think it would be incumbent upon the defendant to establish the fact that he is not in contempt."

Defendant then introduced his evidence. It was not error for the court, under the pleadings, to require the defendant to show why he had not complied with the order of the court.

■ Complaint is made of the judgment that was rendered. The defendant was found guilty of contempt, was ordered to pay $65 to the plaintiff on alimony previously awarded and still unpaid, and was committed to jail until that amount should be paid. The defendant argues that because of his financial condition he is unable to pay the $65. Since being divorced from the plaintiff, defendant has remarried and has two children by his second wife. His evidence tended to prove that since his marriage to the second wife he has bought sixty acres of land in Douglas county, that the land is heavily encumbered, and that he is deeply in debt. The defendant cites and relies on *Wohlfort v. Wohlfort,* 116 Kan. 154, 225 Pac. 746, where, beginning on page 160, is found an extended discussion of circumstances which will justify a commitment for contempt. The trial court heard the evidence and determined that the defendant

should pay $65, and this court, with *Wohlfort v. Wohlfort*, supra, in mind, is unable to say that there is any error in the judgment.

. The defendant complains of certain matters in the abstract of the appellee and asks that they be stricken out. The conclusion reached is based entirely on the abstract of the appellant. The cost of the abstract of the plaintiff is assessed to her.

The judgment is affirmed.

JOCHEMS, J., not participating.