Nos. 96,754,
97,548

STATE OF KANSAS, *Appellee*, v. ROBERT G. PHILLIPS, *Appellant*,
and STATE OF KANSAS, *Appellee*, v. ALAN WENZEL, *Appellant*.
(210 P.3d 93)

Opinion filed June 19, 2009.

*Christina M. Waugh*, of Kansas Appellate Defender Office, argued the cause on behalf of the appellants and was on the brief for appellant Wenzel, and *Carl Folsom, III*, of the same office, was on the brief for appellant Phillips.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Paul J. Morrison*, attorney general, were with him on the brief for appellee in case No. 96,754.

*Amanda G. Voth*, assistant district attorney, argued the cause, and *Karen S. Smart*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Paul J. Morrison*, attorney general, were on the brief for appellee in case No. 97,548.

The opinion of the court was delivered by

LUCKERT, J.: In this opinion we address the question of whether a district judge may validly order a defendant who has been convicted of a felony to pay a docket fee, a booking fee, Board of Indigents' Defense Services (BIDS) attorney fees, and a BIDS application fee if the judge did not announce the order in open court during the sentencing proceeding. The defendants in this consolidated appeal argue that imposing these fees in a journal entry of judgment without an oral announcement violates K.S.A. 22-3405 and K.S.A. 2008 Supp. 22-3424(a), which require felony criminal judgments to be rendered and sentences to be imposed in open

court. We reject this argument, finding these fees are not part of the sentence because they are not imposed for punishment but are taxed as costs in order to recoup expenses incurred by a unit of government in processing, prosecuting, or providing services for the defense of a criminal case. Further, although the fees are a judgment, K.S.A. 22-3803 provides that costs are to be taxed in a statement of costs issued at the conclusion of a criminal proceeding. Consequently, costs need not be stated as part of the judgment in open court, although the better practice is to do so.

Nevertheless, we agree with the defendants' alternative argument that due process requires a judge to make the findings necessary to support the allocation and assessment of any cost where the assessment or amount is not mandatory, *i.e.*, where the legislature has granted judges discretion to impose costs or to determine the amount of costs. Because findings were not made regarding the discretionary amount of BIDS fees in Wenzel's case, the BIDS's orders in his case are vacated and the case is remanded to the district court. In Robert G. Phillips' case, the district judge made adequate findings, and the imposition of costs is affirmed.

### Procedural Background

The question of the validity of the various orders to pay costs was raised in separate petitions seeking this court's discretionary review of two Court of Appeals opinions: *State v. Wenzel*, 39 Kan. App. 2d 194, 177 P.3d 994 (2008), and *State v. Phillips*, No. 96,754, 2007 WL 4571093, unpublished opinion filed December 28, 2007. We granted review of questions related to the written taxation of costs, denied review on other questions presented in each appeal, and consolidated the cases for proceedings before this court.

In *Wenzel*, a Court of Appeals panel held that orders to pay BIDS attorney fees and the BIDS application fee may be included in a journal entry of judgment even if not announced from the bench because the assessment of such fees is mandatory under K.S.A. 22-4513 (fee for counsel and defense services) and K.S.A. 22-4529 (application fee) and the requirement of paying these fees was not part of Wenzel's punishment for a felony conviction of driving under the influence. Nevertheless, because K.S.A. 21-

4603d(i) and K.S.A. 22-4529 require a district judge to consider a defendant's ability to pay when imposing BIDS attorney fees and BIDS application fees, respectively, and the record does not reflect that the district judge did so, the Court of Appeals vacated the fees and remanded with directions to consider Wenzel's ability to pay in deciding if the fee should be imposed and, if so, how much Wenzel should be required to pay. 39 Kan. App. 2d at 200-02.

In *State v. Phillips*, a different panel of the Court of Appeals similarly found no error in assessing the docket fee, a booking fee, and the BIDS application fee in the journal entry because "court costs and other court-ordered fees are not punitive in nature" and they were not part of Phillips' criminal sentence for burglary and felony theft. The Court of Appeals affirmed all of the fees imposed against Phillips.

These holdings are consistent with decisions of some other panels of the Court of Appeals. *E.g.*, *State v. Loggins*, 40 Kan. App. 2d 585, 194 P.3d 31 (2008); *State v. Bale*, 39 Kan. App. 2d 655, 182 P.3d 1280 (2008); *State v. Patterson*, No. 99,759, 2009 WL 863111, unpublished opinion filed March 27, 2009; *State v. Rose*, No. 98,902, 2008 WL 4849440, unpublished opinion filed November 7, 2008; *State v. Clark*, No. 97,442, 2008 WL 3852162, unpublished opinion filed August 15, 2008; *State v. Bench*, No. 98,151, 2008 WL 2891073, unpublished opinion filed July 25, 2008; *State v. Stevens*, No. 97,640, 2008 WL 2510176, unpublished opinion filed June 20, 2008; *State v. Proctor*, No. 97,504, 2008 WL 1847637, unpublished opinion filed April 18, 2008; *State v. Bradley*, No. 94,810, 2007 WL 2239216, unpublished opinion filed August 3, 2007, *rev. denied* 285 Kan.1175 (2008); *State v. Littleton*, No. 94,611, 2006 WL 2043104, unpublished opinion filed July 21, 2006, *rev. denied* 282 Kan. 794 (2006); *State v. Harley*, No. 93,349, 2005 WL 2665768, unpublished opinion filed October 14, 2005, *rev. denied* 281 Kan. 1380 (2006).

Other panels have reached the opposite conclusion, however, and have reversed orders to pay fees if the district judge did not pronounce the fees as part of a defendant's sentence. See, *e.g.*, *State v. Whillock*, 38 Kan. App. 2d 431, 436, 168 P.3d 56 (2007); *State v. Bedell*, 36 Kan. App. 2d 870, 878, 146 P.3d 1096 (2006),

*rev. denied* 283 Kan. 932 (2007); *State v. Miller*, No. 96,025, 2007 WL 2695826, unpublished opinion filed September 14, 2007, *rev. denied* 285 Kan. 1176 (2008).

We granted the petitions for review in these cases to resolve this conflict in the Court of Appeals' decisions.

## Standards of Review

The issue of whether a district judge must announce an order to pay fees at the sentencing hearing is dictated by statutory requirements and, as a result, requires our interpretation of various statutes relating to sentencing procedures and the imposition of costs. See *State v. Scaife*, 286 Kan. 614, 625, 186 P.3d 755 (2008) (BIDS application fee); *State v. Robinson*, 281 Kan. 538, 539, 132 P.3d 934 (2006) (BIDS attorney fee); *State v. Granville*, 26 Kan. 158, 160 (1881) (noting appellant's argument that costs in criminal cases were unknown at common law and can be imposed only if authorized by statute).

The interpretation of a statute presents a question of law over which appellate courts exercise unlimited review. See *Scaife*, 286 Kan. at 625. When a court is called upon to interpret a statute, the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language it enacted. *In re Adoption of G.L.V.*, 286 Kan. 1034, 1041, 190 P.3d 245 (2008). For this reason, when the language of a statute is plain and unambiguous, courts need not resort to statutory construction. *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025 (2007), *cert. denied* 172 L. Ed. 2d 239 (2008). If a statute is subject to more than one interpretation, however, a court attempting to discern legislative intent may employ rules of statutory construction and look to the historical background of the enactment, the circumstances attending its passage, the purposes to be accomplished, and the effects the statute may have under the various constructions suggested. *In re Adoption of G.L.V.*, 286 Kan. at 1041; *State ex rel. Morrison v. Oshman Sporting Goods Co. Kansas*, 275 Kan. 763, 768-69, 69 P.3d 1087 (2003).

Also, our standard of review on the defendants' due process claim is unlimited. *Robinson*, 281 Kan. at 540; *Murphy v. Nelson*, 260 Kan. 589, 594, 921 P.2d 1225 (1996).

## Sentence in Open Court

Both defendants base their argument on the requirements of K.S.A. 22-3405, which provides in part: "(1) The defendant in a felony case shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the *imposition of sentence*, except as otherwise provided by law." (Emphasis added.) Similarly, K.S.A. 2008 Supp. 22-3424(a) states: "The judgment shall be rendered and sentence imposed in open court."

As the defendants argue, K.S.A. 22-3405 and K.S.A. 2008 Supp. 22-3424(a) clearly require that a defendant in a felony case be present in open court for the imposition of sentence. A corollary to this rule is that "[t]he court's judgment and sentence in a criminal case do not derive their effectiveness from the journal entry, or from any act of the clerk; they are effective when announced." *State v. Royse*, 252 Kan. 394, 397, 845 P.2d 44 (1993). Stated another way: "The journal entry 'is thus a record of the sentence imposed; but the actual sentencing occurs when the defendant appears in open court and the judge orally states the terms of the sentence.' " *Abasolo v. State*, 284 Kan. 299, 303, 160 P.3d 471 (2007). The rationale for these rules is that announcing the sentence in the defendant's presence "protects the defendant's rights, as '[t]he defendant is personally present [when the sentence is imposed], and thus knows that *at that moment* he or she has been sentenced, fined, or placed on probation, or that the imposition of sentence has been suspended.' (Emphasis added.)" *Abasolo*, 284 Kan. at 308 (quoting *State v. Moses*, 227 Kan. 400, 402-03, 607 P.2d 477 [1980]).

Relying on these statutes and cases, the defendants argue docket, booking, and BIDS fees are part of the sentence and, therefore, must be announced in open court in order to be valid. This argument, of course, assumes that these fees are part of the sentence. Generally, a "sentence" is "the punishment imposed on a criminal wrongdoer." Black's Law Dictionary 1393 (8th ed. 2004). Consistent with this definition, in past cases this court has examined whether fees are imposed as part of the punishment or as a nonpunitive attempt to recoup court costs.

### Court Costs

Historically, court costs have been viewed as nonpunitive. This view dates back to the early days of statehood when this court first interpreted Kansas statutes to provide that "[a] judgment of conviction in a criminal case in the district court carries costs against the defendant." *State v. Granville*, 26 Kan. 158, Syl. ¶ 1 (1881). In *Granville*, the imposition of costs was not referred to as a "sentence" but as a "taxation of costs" that was imposed for the purpose of shifting to the guilty defendant the monetary burdens incurred by the sheriff and county commissioners who would otherwise have to fund the costs of a prosecution. *Granville*, 26 Kan. at 160. In other early cases, this court stated explicitly that the costs were not part of the sentence. For example, in *State v. Schmidt*, 34 Kan. 399, 404, 8 P. 867 (1885), the court held that a county attorney's fee, authorized by statute to be assessed against a defendant following conviction of a prohibitory liquor law, "is not imposed as a part of the punishment, but is simply imposed as a part of the costs of the prosecution, for services rendered by the county attorney."

After the early cases, few decisions have discussed the issue, but the occasional case has recognized the nonpunitive nature of an order to pay fees. *E.g.*, *Robinson*, 281 Kan. at 547 (discussing order to pay BIDS attorney fees and stating "the assessment itself is not punitive; it is not a punishment or part of the sentence at all"); *State v. Thomson*, 188 Kan. 171, 176-78, 360 P.2d 871 (1961) (discussing early cases in upholding order to tax juror fees and mileage as costs); *State v. Lopez*, 36 Kan. App. 2d 723, 727, 143 P.3d 695 (2006) (stating that "Kansas courts have held that statutes requiring a convicted defendant to pay court costs were not intended to penalize the defendant, but to allocate the expenses incurred in prosecution"); *State v. Dean*, 12 Kan. App. 2d 321, Syl. ¶ 2, 743 P.2d 98, *rev. denied* 242 Kan. 904 (1987) (same); *State v. Waufle*, 9 Kan. App. 2d 68, 79, 673 P.2d 109 (1983) (costs do "not create any liability against defendant for the crime committed").

Consistent with the recoupment purposes of cost statutes, these cases recognize that an order to pay costs may be treated as a civil judgment. *E.g.*, *State v. Shannon*, 194 Kan. 258, 263, 398 P.2d 344

(1965) (rejecting defendant's complaint regarding judge "taxing the costs of the case against him and permitting execution to issue on the judgment and a levy to be made upon the personal property of the defendant to satisfy the judgment"). Consequently, a defendant who has the ability to pay costs but refuses to pay them as ordered may be required to spend time in jail similar to a civil litigant who fails to abide by a court order to pay a judgment. K.S.A. 22-3425; cf. *Ott v. Ott,* 129 Kan. 541, 283 P. 918 (1930); see *Bearden v. Georgia,* 461 U.S. 660, 76 L. Ed. 2d 221, 103 S. Ct. 2064 (1983); *State v. Higgins,* 240 Kan. 756, 759, 732 P.2d 760 (1987); but see *State v. White,* 41 Kan. App. 2d 943, 206 P.3d 553 (2009) (discussing whether failure to abide by order to pay costs imposed as condition of probation can serve as basis for revoking probation).

The current iteration of the cost statute preserves the nonpunitive nature of costs, stating: "If the defendant in a criminal case is convicted, the court costs shall be *taxed* against the defendant and shall be a judgment against the defendant which may be enforced as judgments for the payment of money in *civil cases."* (Emphasis added.) K.S.A. 22-3801(a). Consequently, resolution of Phillips' and Wenzel's arguments that the fees are part of the sentence depends on whether the fees at issue are costs.

### Docket and Booking Fees

First, we focus on Phillips' complaint that the journal entry of judgment required him to pay the docket fee and a booking fee. Wenzel does not make a similar argument.

Docket fees are provided for in K.S.A. 2008 Supp. 28-172a, which states in part: "[W]henever the prosecuting witness or defendant is adjudged to pay the *costs* in a criminal proceeding in any county, a docket fee shall be taxed." (Emphasis added.)

Docket fees are not the only statutorily authorized costs, however. Other statutes impose additional costs, including the booking fee that was assessed against Phillips pursuant to K.S.A. 2008 Supp. 12-16,119(a), which provides, in part, that a convicted person "shall pay a separate court *cost* if the board of county commissioners or . . . the governing body of a city, where a city operates a detention facility, votes to adopt such a fee as a booking or processing

fee." (Emphasis added.) This statute indicates that the fee is charged for the purpose of recouping expenses by stating: "Disbursements of these fees shall be to the general fund of the governing body responsible for the funding of the sheriff, police department or countywide law enforcement agency that obtains the fingerprints." K.S.A. 2008 Supp. 12-16,119(c).

Hence, both the felony docket fee imposed pursuant to K.S.A. 2008 Supp. 28-172a and the booking fee imposed pursuant to K.S.A. 2008 Supp. 12-16,119 are court costs, are not punitive, and are not a part of Phillips' sentence.

## BIDS Attorney Fees

Next, we consider Wenzel's complaint that the journal entry of judgment required him to pay BIDS attorney fees when the district judge had not orally announced such attorney fees at the sentencing hearing and when defense counsel had requested a waiver of "BIDS fees." Phillips does not present arguments pertaining to this issue.

We answered the question of whether an assessment of BIDS attorney fees was punitive in *Robinson*, 281 Kan. at 547, and concluded "the assessment itself is not punitive; it is not a punishment or part of the sentence at all." We reached this conclusion because of the language of K.S.A. 22-4513(a) and K.S.A. 21-4603d(i), which do not use the word "costs" but clearly indicate that the purpose of imposing the fee is to recoup a portion of the costs incurred by the State in providing the services of an attorney to those who have the ability to pay some or, over time, all of the cost.

The language of K.S.A. 22-4513(a) parallels that of the general cost statute—K.S.A. 22-3801(a)—by stating that "[i]f the defendant is convicted, all expenditures made by the state board of indigents' defense services to provide counsel and other defense services to such defendant . . . shall be taxed against the defendant and shall be enforced as judgments for payment of money in civil cases." Similarly, K.S.A. 21-4603d(i), which lists possible dispositions for crimes committed after July 1, 1993, refers to the BIDS attorney fees as a reimbursement, stating "the court shall order the defendant to reimburse the state general fund for all or a part of

the expenditures by the state board of indigents' defense services to provide counsel and other defense services to the defendant."

BIDS Application Fee

Finally, we consider the complaints that both Phillips' and Wenzel's journal entries of judgment included an order that the defendants pay the BIDS application fee of $100, as set forth in K.S.A. 22-4529. Neither district judge announced that part of the judgment at the sentencing hearings. The application fee is provided for in K.S.A. 22-4529, which provides in relevant part: "Any defendant entitled to counsel pursuant to K.S.A. 22-4503, and amendments thereto shall pay an application fee in the amount of . . . $100 on or after July 1, 2004, to the clerk of the district court."

The issue of whether this application fee is part of the sentence was answered in *Scaife*, 286 Kan. at 625, and *State v. Hawkins*, 285 Kan. 842, 851, 176 P.3d 174 (2008); see *State v. Casady*, 40 Kan. App. 2d 335, 191 P.3d 1130 (2008), *rev. granted* January 22, 2009. The rationale of those cases rested on the point in the criminal proceeding when the order to pay the fee is actually imposed, which is long before sentencing, rather than the nonpunitive nature of the fee.

In the earliest of these cases, *Hawkins*, we observed that the logical and practical point to determine whether to assess the application fee and, if so, whether to waive a part or all of the fee is the time the defendant applies for appointed counsel. 285 Kan. at 852. At that point, a defendant is required to file an affidavit as to his or her financial condition, and the district court may interrogate the defendant under oath concerning the affidavit's contents, may direct the prosecutor or other county officer to investigate the defendant's financial condition, or may require the production of evidence on the issue of the defendant's inability to employ counsel. K.S.A. 22-4504(a). Upon the basis of the affidavit and such other evidence as may be brought to the district court's attention, the court is to make a determination whether the defendant is indigent, in full or in part, or whether the defendant is financially able to employ his or her own counsel. K.S.A. 22-4504(b). And "if any fee

ordered by the court remains unpaid at sentencing, the district court may include the unpaid fee in its sentencing order without additional findings." 285 Kan. at 853.

At the defendant's first appearance in *Hawkins*, the district court ordered the defendant to pay the application fee within 30 days. The defendant apparently did not comply with that order, and no action was taken to enforce it before the sentencing hearing. Regardless, as emphasized by the *Hawkins* court, "an order was in place which Hawkins never attempted to modify" and the district court "was not required to make any further inquiry." 285 Kan. at 854. Thus, the *Hawkins* court upheld the imposition of the $100 application fee.

The *Hawkins* rationale was reiterated in *Scaife*, 286 Kan. at 625, where the defendant complained that the journal entry included the BIDS application fee, when the district court had not specifically ordered that fee at the sentencing hearing. Like Phillips and Wenzel in our case, Scaife reminded this court of the rule that a criminal sentence is effective when pronounced from the bench, rather than when the journal entry of sentencing is filed, and that " ' "[a] journal entry which imposes a sentence at variance with that pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed." ' [Citations omitted.]" *Scaife*, 286 Kan. at 626.

The district court in *Scaife* did state that the "costs in this matter are assessed against the defendant," but Scaife argued this pronouncement was insufficient to be a specific order for the BIDS application fee. After discussing *Hawkins*, this court reiterated that Scaife "incurred his obligation to pay the application fee when he applied for appointed counsel, long before sentencing." *Scaife*, 286 Kan. at 626. In addition, although Scaife had requested that the journal entry be "corrected to delete" the district court's order for the BIDS application fee, this court stated the journal entry "did not deviate from the court's pronouncement" with regard to that fee, and therefore it was unnecessary to "correct" the order. *Scaife*, 286 Kan. at 626.

Thus, although K.S.A. 21-4603d(a)(9) provides that the fee is a disposition that "may" be stated at sentencing "unless waived by

the court," under the holding in *Hawkins* and *Scaife*, the journal entry merely records the fee that was assessed by the court upon the appointment of counsel. Consequently, it is not necessary that an assessment of the BIDS application fee be announced at the sentencing hearing to be effective. Moreover, the conclusion reached in *Robinson* that the BIDS fees are imposed to recoup costs incurred in providing services to the partially indigent is equally applicable to the application fee.

Hence, we conclude the order to pay is made at the time of appointment of counsel and before sentencing, is nonpunitive, is merely an imposition of costs, and is not part of the sentence. *Robinson*, 281 Kan. at 547.

### Judgment in Open Court

Even if the docket fee, booking fee, BIDS attorney fees, and BIDS application fee are not part of the sentence, we must consider whether the wording of K.S.A. 2008 Supp. 22-3424(a)— which states that "[t]he *judgment shall be rendered and* sentence imposed in open court" (emphasis added)—requires us to conclude the fees must be stated in open court as part of the judgment.

There is ambiguity relating to whether the legislature intended to refer to "judgment" and "sentence" as separate concepts or whether the reference is to a single concept where judgment and sentence are the same. In *Royse*, 252 Kan. at 397, this court stated that "[o]rdinarily, in a legal sense, 'sentence' is synonymous with 'judgment' and denotes the action of a court of criminal jurisdiction formally declaring to the defendant the legal consequences of the guilt to which he has confessed or of which he has been convicted." This conclusion is further supported by the allocution statute, K.S.A. 22-3422, which states:

"When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, or the finding of the court and asked whether he has any legal cause to show why judgment should not be rendered. If none is shown the court shall pronounce judgment against the defendant."

This statute has been interpreted to apply to the sentencing proceeding. See, *e.g.*, *State v. Valladarez*, 288 Kan. 671, 687, 206 P.3d 879 (2009). Nevertheless, a different reading could be given in light

of K.S.A. 2008 Supp. 22-3426(a) because it differentiates between the judgment and the sentence by separating the two terms with a disjunctive and by placing them separately in a series of items to be recorded in a journal entry, stating in part: "When judgment is rendered *or* sentence of imprisonment is imposed, upon a plea or verdict of guilty, a record thereof shall be made upon the journal of the court, reflecting, if applicable, conviction or other *judgment*, the *sentence* if imposed, and the commitment." (Emphasis added.)

We need not resolve this ambiguity, however, because the fees at issue are costs, and K.S.A. 22-3803 specifically addresses the manner in which costs are to be assessed, stating in part: "At the conclusion of each criminal case the court shall tax the costs against the party responsible for payment and shall cause to be delivered to such responsible party a complete statement of the costs, specifying each item of service and the fee assessed for such service." This statute, which was not cited by any of the parties in these consolidated appeals or discussed by either Court of Appeals panel, allows the parties to be notified of the taxation of costs through a statement served at the end of all proceedings in the criminal case, *i.e.*, after the sentencing and any other proceeding.

K.S.A. 22-3803 runs counter to Phillips' and Wenzel's argument that the costs must be imposed in open court. When statutes are in conflict, we often state that " '[g]eneral and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling.' [Citation omitted.]" *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 89, 106 P.3d 492 (2005). Here, K.S.A. 22-3803 is the specific statute, and it does not require the defendant's presence or the imposition of costs at sentencing. Rather, a written statement, which could include a journal entry, may serve as the statement of costs that are being taxed against a party in a criminal case.

Consequently, we find no merit in Phillips' and Wenzel's arguments that K.S.A. 22-3405 and K.S.A. 2008 Supp. 22-3424(a) mandate that a felony docket fee, booking fee, BIDS attorney fee, or a BIDS application fee must be imposed in open court to be valid.

## Due Process

Even so, Phillips and Wenzel argue due process entitles a criminal defendant to be present when these various fees are imposed.

The Court of Appeals panel in *Wenzel* rejected this due process argument by finding that a hearing was not required if statutes mandated that a court enter an order. The panel substantiated the point by providing an example of case law relating to the imposition of consecutive and concurrent sentences, stating:

"[W]hen a district judge has the discretion to determine whether sentences will be served concurrently or consecutively, if the judge fails to order consecutive sentences at the sentencing hearing, that cannot be done later by the stroke of a pen on the journal entry. *State v. Jackson*, 262 Kan. 119, 140, 936 P.2d 761 (1997). On the other hand, when a district judge lacks discretion in a sentencing decision, the failure to announce some aspect of the sentence as to which the judge had no discretion may be corrected later. Thus, in *Love* [*v. State*, 280 Kan. 553, 560, 124 P.3d 32 (2005)], when the district judge failed to announce that the sentences were to be served consecutively—but a statute clearly required that they must be—the judge could enter a later journal entry correcting the matter. 280 Kan. at 560-63." *Wenzel*, 39 Kan. App. 2d at 199.

Other courts have recognized the same distinction. The Florida Court of Appeals, in a case considering the same issue as presented here, explained the rationale for the distinction noting that "technically a defendant is on notice that all applicable mandatory costs will be imposed by virtue of the rendition of judgment and pronouncement of sentence." *Reyes v. State*, 655 So. 2d 111, 116 (Fla. App. 1995), *superceded by statute as stated in Cook v. State*, 896 So. 2d 870, 30 (Fla. App. 2005). Applying this rationale, we will consider whether the various costs in this case required findings by the judge.

### Docket and Booking Fees

Historically, court costs have been viewed as mandatory unless there is a clear indication of legislative intent otherwise. See *Thomson*, 188 Kan. at 177; *Granville*, 26 Kan. 158, Syl. ¶ 1. Consistent with this general rule, the statutes relating to docket fees and booking fees provide those fees "shall" be assessed against the defendant upon conviction. K.S.A. 22-3801; K.S.A. 2008 Supp. 12-16,119. Furthermore, the district judge does not have discretion as to the

amount of these fees; the booking fee is set by resolution of a local unit of government and the docket fee is set by statute. K.S.A. 2008 Supp. 12-16,119 (booking fees shall be paid "if the board of county commissioners or . . . the governing body of a city, where a city operates a detention facility, votes to adopt such a fee as a booking or processing fee for each complaint"; capping amount at $45); K.S.A. 2008 Supp. 28-172a (establishing docket fees).

Consequently, a judge does not need to make findings before taxing as costs a docket fee under K.S.A. 2008 Supp. 28-172a or a booking fee under K.S.A. 2008 Supp. 12-16,119.

BIDS Attorney Fees

In contrast, the legislature granted judges considerable discretion in determining the amount of BIDS attorney and application fees. Although a cap is set on both fees—an amount determined by the severity of the crime for the attorney fees and $100 for the application fee—the judge is given discretion to waive part or all of the fee.

In *Robinson*, this court determined that the language of K.S.A. 22-4513, which states that BIDS attorney fees "shall be taxed against the defendant," makes consideration of the fees mandatory. 281 Kan. at 543. However, discretion as to the amount of the fee to impose is granted by K.S.A. 21-4603d(i), which provides in part:

"In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose. A defendant who has been required to pay such sum and who is not willfully in default in the payment thereof may at any time petition the court which sentenced the defendant to waive payment of such sum or any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may waive payment of all or part of the amount due or modify the method of payment."

Although this provision requires consideration of a defendant's financial ability, it does not specify when that consideration must occur. In fact, no statute requires the consideration of a defendant's financial resources to occur at sentencing. Nevertheless, in *Robinson*, we concluded the practical effect of the statutory provisions relating to BIDS attorney fees was that a "sentencing court assess-

ing fees to reimburse [BIDS] . . . must consider on the record at the time of assessment the financial resources of the defendant and the nature of the burden that payment of the fees will impose." 281 Kan. 538, Syl. ¶ 1. *Robinson* further clarified that the sentencing court must explicitly state on the record how those factors have been weighed in the court's decision. 281 Kan. at 546; see *State v. Drayton,* 285 Kan. 689, 716, 175 P.3d 861(2008). The requirements specified in *Robinson* will not be met if BIDS attorney fees are only assessed via a journal entry of judgment.

Nevertheless, because the assessment of BIDS attorney fees is not punitive and not a part of the sentence, the failure to announce the amount of the fee at the sentencing does not mean the fees can never be assessed against a defendant. See *Robinson,* 281 Kan. at 547. Instead, a remand is appropriate for reconsideration of the payment of BIDS attorney fees. As a result, numerous cases have been remanded to district courts for further findings where the judges at sentencing ordered BIDS attorney fees without consideration of the defendant's financial resources or the burden the payment would impose. See, *e.g., State v. Johnson,* 286 Kan. 824, 190 P.3d 207 (2008); *State v. Stevens,* 285 Kan. 307, 172 P.3d 570 (2007).

Here, the attorney fee argument is stated only by Wenzel whose defense counsel asked at the sentencing hearing that BIDS fees be waived. The district judge made no mention of BIDS attorney fees at the hearing, meaning there were no findings on the record concerning Wenzel's financial resources or the burden the payment will impose. Therefore, the Court of Appeals concluded correctly that the fees should be vacated and the case should be remanded to the district court in order for the district judge to make the necessary findings on the record.

## BIDS Application Fee

Similar to the BIDS attorney fee statutes, the BIDS application fee statute, K.S.A. 22-4529, provides in relevant part that "[i]f it appears to the satisfaction of the court that payment of the application fee will impose manifest hardship on the defendant, the court may waive payment of all or part of the application fee." See

also K.S.A. 21-4603d(a)(9) (disposition at sentencing "may" include BIDS administrative fee "unless waived by the court").

Both Phillips and Wenzel argue that the judge in their respective cases should have considered at the sentencing hearings whether payment of the $100 application fee would impose a manifest hardship upon them. The defendants' position was rejected in *Hawkins*, where this court held a criminal defendant's ability to pay the BIDS application fee is to be considered by the district court at the time the defendant submits the application for appointed counsel. *Hawkins*, 285 Kan. at 852. No findings need to be made at sentencing for the BIDS application fee to be a valid judgment.

The record on appeal shows that Phillips' ability to pay was considered by the district judge at the time his counsel was appointed. This is evidenced on the BIDS form authorized by K.A.R. 105-4-3, which includes the financial affidavit of the defendant on the top part of the form and the court's order on the bottom. The district judge checked the box ordering payment of the $100 application fee and did not check the box labeled "partially indigent, able to pay $_____."

It is not as clear in Wenzel's case, however, whether his ability to pay was properly considered by the district judge. The record shows that the judge checked a box on Wenzel's application for appointed counsel when the court approved the appointment of defense counsel, but the judge did not check any box indicating that the BIDS application fee was to be collected. Perhaps this was meant to indicate that the fees were not to be collected due to manifest hardship, but there was no apparent finding of a waiver to that effect on Wenzel's application.

Wenzel points out that his defense counsel requested at the sentencing hearing that "BIDS fees" be waived. The district judge obviously did not grant this request with respect to either the application fee or attorney fees, since both the BIDS application fee and BIDS attorney fees were assessed in the journal entry of judgment. Yet instead of making findings and clarifying its earlier order in Wenzel's application for appointed counsel, the district judge failed to rule on Wenzel's request for waiver during the sentencing hearing. Because in Wenzel's case the district judge failed to order

either the payment or waiver (in part or in full) of the application fee at the time defense counsel was appointed and it is impossible from the record to determine any district judge-made findings on the matter, the Court of Appeals correctly concluded that a remand to the district court is necessary to obtain a finding regarding whether to waive the BIDS application fee for manifest hardship.

It should be emphasized, however, that under normal circumstances, where the district judge has checked the appropriate box on the application for appointed counsel indicating that full payment of the application fee is required, partial payment is required, or payment is waived (or has otherwise indicated its findings on the application), the district judge's failure to orally announce the BIDS application fee at the sentencing hearing is inconsequential under the rationale of *Hawkins*. Since the order for the BIDS application fee is to be made at the time the defendant applies for appointed counsel, a subsequent order for the same fee at the sentencing hearing would be redundant. Accordingly, there is generally no need to require the district judge to do so.

The absence of an oral announcement of the BIDS application fee at the sentencing hearing does not, per se, require a reversal of the fee imposed in a defendant's journal entry of judgment.

We conclude this opinion by urging district judges to announce the imposition of costs at the sentencing hearing. Doing so is a preferred practice. Nevertheless, the failure to do so will not void an order to pay costs.

Those portions of the Court of Appeals decision in *Phillips* affirming the district court's imposition of a docket fee, booking fee, and BIDS application fee are affirmed. Those portions of the district court's decision are affirmed.

Those portions of the Court of Appeals decision in *Wenzel* vacating the BIDS application fee and BIDS attorney fees and remanding to the district court with instructions to make the appropriate findings and determinations of whether those fees should be waived in light of those findings are affirmed. Those portions of the district court's decision are vacated, and the case is remanded to the district court with directions.