Re: Criminal Procedure — Aid to Indigent Defendants — State Board of Indigents' Defense Services (BIDS); Prohibition on Interfering with Professional Duties of Counsel; Contractual Provision Between BIDS and Defense Counsel Regarding Payment of BIDS Application Fee
Synopsis: A contractual provision, which would require appointed counsel to raise the issue of payment of the BIDS application fee at sentencing, does not conflict with the restriction in K.S.A. 22-4520 that prohibits BIDS from making any decision regarding the handling of any case or interfering with appointed counsel in carrying out their professional duties. Cited herein: K.S.A. 22-4520; 22-4529.
Synopsis:A contractual
 * * *
Patricia A. Scalia, Executive Director State Board of Indigents' Defense Services Jayhawk Walk
714 SW Jackson, Suite 200 Topeka, Kansas 66603
Dear Ms. Scalia:
As Executive Director of the State Board of Indigents' Defense Services (BIDS) you ask whether BIDS is precluded by statute from requiring the attorneys it hires to raise the issue of payment of the BIDS application fee at the conclusion of a case.
Kansas law[1] requires any defendant entitled to appointed counsel to pay a $100 application fee, unless the court finds that imposition of such fee would "impose manifest hardship on the defendant." Defense counsel does not always raise the issue for the Court to evaluate. BIDS would like to include, in each contract with defense counsel, a provision that requires counsel to bring the application fee to the attention of *Page 2 
the judge at sentencing. You inquire whether the restriction in K.S.A. 22-520, which prohibits BIDS from making "any decision regarding the handling of any case" or interfering with appointed counsel "in carrying out their professional duties," would conflict with such a provision.
In State v. Phillips, the Kansas Supreme Court held that the order to pay the BIDS application fee is made "at the time of appointment of counsel and before sentencing, is nonpunitive, is merely an imposition of cost, and is not part of the sentence."[2]
Shortly after Phillips was decided, the Court considered the companion case of State v. Casady, which held that imposition of the BIDS application fee did not violate a defendant's constitutional right to counsel. The Court also concluded:
 A district court is to determine the propriety of imposing the K.S.A. 22-4529 application fee at the time of the initial determination to appoint counsel. This assessment determination does not require any subsequent findings by the district court. In order to comport with constitutional standards, however, any enforcement of the obligation to pay the fee is to be deferred until the conclusion of proceedings in district court. If the defendant raises the issue of the ability to pay and demonstrates circumstances that preclude payment of the application fee, the district court may reduce or waive a previously imposed application fee.[3]
These two cases, as well as prior cases cited in Phillips andCasady, make clear that the BIDS application fee is assessed "at first appearances or initial docket calls, proceedings not designed to address factual or legal issues."[4] If the court finds that assessment of the fee would not impose manifest hardship on the defendant, the fee is assessed before defense counsel is appointed.
Requiring defense counsel to revisit imposition of the BIDS application fee to ensure that the application fee is evaluated by the court[5] does not implicate any decision-making regarding the handling of the case nor does it interfere with counsel's professional judgment. Counsel is free to argue that any previously — assessed *Page 3 
application fee should be waived. Accordingly, a contractual provision requiring defense counsel to raise the issue of the BIDS application fee at sentencing does not conflict with K.S.A. 22-4520.
Sincerely,
Steve Six Attorney General
Camile Nohe Assistant Attorney General
SS:MF:CN:jm
[1] K.S.A. 22-4529.
[2] 289 Kan. 28, 39 (2009), citing State v. Robinson,281 Kan. 538, 547 (2006).
[3] 289 Kan. 150, 158-59 (2009).
[4] State v. Casady, 289 Kan. 150, 158 (2009).
[5] While a district court determines the propriety of imposing the BIDs application fee at the time of the initial determination to appoint counsel, if waiver of the fees if not granted at that time, defense counsel may argue, at sentencing, that waiver of the fee is appropriate. State v. Casady, 289 Kan. 150, 158 (2009).
 *Page 1