NOT DESIGNATED FOR PUBLICATION

Nos. 117,190
117,191
117,192
117,193

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL PERDUE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed January 5, 2018. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Ellen Hurst Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and MERLIN G. WHEELER, District Judge, assigned.

PER CURIAM:  Michael Eugene Perdue appeals the district court's imposition of Board of Indigents' Defense Services (BIDS) attorney fees in four separate cases. For the reasons stated herein, we affirm the district court's judgment.

We will summarize the facts only to the extent necessary to address the single issue Perdue has raised on appeal. On September 16, 2016, pursuant to a plea agreement, Perdue pled no contest to charges in four different cases including:  (1) possession of

1

methamphetamine in 16CR113, a severity level 5 drug felony; (2) forgery in 16CR114, a severity level 8 nonperson felony; (3) theft in 16CR197, a severity level 9 nonperson felony; and (4) attempted robbery in 16CR343, a severity level 7 person felony.

At the sentencing hearing on November 10, 2016, the district court found Perdue to be in criminal history category A in each case. For the possession of methamphetamine conviction in 16CR113, the district court sentenced Perdue to 40 months' imprisonment with 12 months of postrelease supervision. For the attempted robbery conviction in 16CR343, the district court sentenced Perdue to 34 months' imprisonment with 12 months of postrelease supervision. For the forgery conviction in 16CR114, the district court sentenced Perdue to 21 months' imprisonment with 12 months of postrelease supervision. For the theft conviction in 16CR197, the district court sentenced Perdue to 15 months' imprisonment with 12 months of postrelease supervision. The district court ordered the sentences to run consecutively for a controlling 110-month prison term.

The district court then proceeded to address the issue of BIDS attorney fees. The judge stated, "Mr. Perdue, I need to ask you some questions about your finances to determine how much you should reimburse the State for your attorney in these cases." The judge then engaged in the following conversation with Perdue:

> "[THE COURT:] . . . Mr. Perdue, what is your highest level of education?
> "THE DEFENDANT: Graduate.
> "THE COURT: High school?
> "THE DEFENDANT: Yes, ma'am.
> "THE COURT: And what kind of work have you done for a living in the past?
> "THE DEFENDANT: Construction and restaurants.
> "THE COURT: And how many children do you have?
> "THE DEFENDANT: Three.
> "THE COURT: Do you have any money or assets available to you that would allow you to hire, to repay the State for your attorney?

2

"THE DEFENDANT: No, ma'am.

"THE COURT: The Court, *after considering the defendant's lack of financial resources, the nature of his employment, his family size, and his educational level,* I will order, Mr. Perdue, in each of these cases, that you pay the $100 BIDS application fee. And I'm going to order that you reimburse the State $100 for your attorney in 16 CR 113, and I'm going to order that you reimburse the State $200 in legal fees in 16 CR 343, and I'm going to order that you reimburse the State $100 for your attorney in 16 CR 114, and I'm going to order that you reimburse the State $100 for your attorney in 16 CR 197. That's in addition to the BIDS application fee that the Court imposed in each case." (Emphasis added.)

At the hearing, neither Perdue nor his attorney objected to the order for attorney fees or asked the district court to make additional findings to support the order. A few days after the sentencing hearing, Perdue's attorney filed a notice of appeal in each case. The cases have been consolidated on appeal.

On appeal, Perdue claims the district court erred when it ordered him to reimburse BIDS for attorney fees without following the requirements of K.S.A. 22-4513. Perdue requests this court to vacate the order for attorney fees and to remand the case in order for the district court to comply with the statute. The State asserts that the district court complied with the requirements of K.S.A. 22-4513 in assessing the attorney fees.

Perdue did not timely object to the district court's order requiring him to pay the BIDS attorney fees. However, our Supreme Court has held that the issue of BIDS attorney fees may be addressed for the first time on appeal. *State v. Robinson*, 281 Kan. 538, 541, 543-44, 132 P.3d 934 (2006).

Appellate courts review the amount of BIDS attorney fees imposed for an abuse of discretion. *State v. Hernandez*, 292 Kan. 598, 609, 257 P.3d 767 (2011). But Perdue is not challenging the amount of attorney fees ordered by the district court; instead, he is

3

arguing that the district court failed to satisfy the statutory requirements before imposing the fees. Whether the district court satisfied the statutory requirements in assessing BIDS attorney fees is a question of law over which an appellate court has unlimited review. 292 Kan. at 609.

We begin our analysis by setting forth the applicable statute. K.S.A. 22-4513 states in pertinent part:

> "(a) If the defendant is convicted, all expenditures made by the state board of indigents' defense services to provide counsel and other defense services to such defendant or the amount allowed by the board of indigents' defense reimbursement tables as provided in K.S.A. 22-4522, and amendments thereto, whichever is less, shall be taxed against the defendant and shall be enforced as judgments for payment of money in civil cases.
>
> "(b) *In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose.* A defendant who has been required to pay such sum and who is not willfully in default in the payment thereof may at any time petition the court which sentenced the defendant to waive payment of such sum or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may waive payment of all or part of the amount due or modify the method of payment." (Emphasis added.)

Our Supreme Court interpreted this statute in the landmark *Robinson* case. In that case, Robinson was convicted of felony possession of marijuana and misdemeanor possession of drug paraphernalia. The district court placed Robinson on probation and ordered him to pay $745 for BIDS attorney fees without making any findings concerning his financial resources or the nature of the burden that payment of the fees would impose on him. The district court ordered Robinson to immediately begin making monthly payments toward the fees as a condition of his probation.

4

On appeal, Robinson challenged the attorney fees assessment. After analyzing K.S.A. 22-4513 in detail, our Supreme Court held that a sentencing court assessing fees to reimburse BIDS "must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision." 281 Kan. at 546. The court emphasized that "[w]ithout an adequate record on these points, meaningful appellate review of whether the court abused its discretion in setting the amount and method of payment of the fees would be impossible." 281 Kan. at 546.

Our Supreme Court has revisited the assessment of BIDS attorney fees in several other cases, often vacating the fees assessed by the district court and remanding for additional findings. In many of these cases, it appears that the district court made no findings under the statute before ordering the defendant to pay attorney fees. See, e.g., *State v. Phillips*, 289 Kan. 28, 43, 210 P.3d 93 (2009) (vacating BIDS attorney fees where district court made no findings on the record concerning defendant's financial resources or the burden the payment will impose); *State v. Johnson*, 286 Kan. 824, 852, 190 P.3d 207 (2008) (vacating BIDS attorney fees where district court failed to make any findings on the record regarding defendant's ability to pay the fees).

Before continuing with our analysis, we take judicial notice that pursuant to K.S.A. 22-4522 and K.A.R. 105-5-1 et seq., BIDS publishes reimbursement tables to help district courts determine the amount of attorney fees to be assessed in cases with assigned counsel or the public defender. The recommended attorney fee assessment depends on the severity level of the crime and whether the case is tried or nontried. As for Perdue's cases, the applicable reimbursement table recommended an attorney fee assessment of $700 in 16CR343, $650 in 16CR113, $650 in 16CR114, and $600 in 16CR197, for a total assessment of $2,600. See http://www.sbids.org/forms/Reimbursement_Table_ Attorney_Cost_2016.pdf BIDS Attorney Cost Reimbursement Tables Assigned Counsel and Public Defender, revised May 23, 2016.

5

Returning to our analysis, Perdue's case is factually distinguishable from *Robinson* in some important respects. In *Robinson*, the district court ordered the defendant to pay BIDS attorney fees without making *any* findings concerning the defendant's financial resources or the nature of the burden that payment of the fees would impose on him. Also, the district court in *Robinson* ordered the defendant to immediately begin making monthly payments toward the fees as a condition of his probation.

Here, the district court sentenced Perdue to 110 months' imprisonment and did not grant probation. After imposing the prison term, the judge addressed Perdue and stated: "I need to ask you some questions about your finances to determine how much you should reimburse the State for your attorney in these cases." The judge then asked Perdue about his education level, previous work, family size, and the availability of financial resources. Perdue responded that he was a high school graduate, had worked in construction and restaurants, had three children, and had no money or assets available. The judge then explicitly referred to Perdue's "lack of financial resources, the nature of his employment, his family size, and his educational level," and ordered him to pay a total of $500 in attorney fees in the four separate cases, an amount substantially lower than the recommended assessment in the BIDS reimbursement tables.

K.S.A. 22-4513(b) provides that in determining the amount and method of payment for BIDS attorney fees, "the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." Here, the district court considered Perdue's financial resources and the burden that payment of attorney fees would impose by asking him about his education level, previous work, family size, and availability of financial resources, and then setting the total fees at $500 rather than the $2,600 recommended in the reimbursement tables. The district court made explicit findings on the record, sufficient to comply with the requirements of the statute, to support its assessment of BIDS attorney fees.

6

In *Robinson*, our Supreme Court emphasized that the requirement of explicit findings is necessary to ensure "meaningful appellate review of whether the court abused its discretion in setting the amount and method of payment of the fees." 281 Kan. at 546. Perdue asserts in his brief that based on the record in this case, "it is impossible for this Court to review whether the sentencing court abused its discretion when it imposed the attorney fees." We disagree. Based on the district court's extended colloquy with Perdue and its explicit reference to Perdue's lack of financial resources, the nature of his employment, his family size, and his educational level, we find that the record is sufficient to explain how the district court determined the amount of attorney fees and to allow this court to review whether the district court abused its discretion in assessing the fees.

We also note that the district court sentenced Perdue to 110 months' imprisonment and did not grant probation. Unlike in the *Robinson* case, where the district court ordered the defendant to immediately begin making monthly payments toward the attorney fees as a condition of his probation, the district court here did not set a method of payment for Perdue to reimburse BIDS for attorney fees. In this instance, Perdue will be required to reimburse BIDS for attorney fees when he is released on postrelease supervision. See K.S.A. 2016 Supp. 22-3717(m)(5).

K.S.A. 22-4513(a) requires the district court to tax an indigent defendant with all expenditures made by BIDS for attorney fees and other defense services based on the information available at sentencing. However, no one can know for sure to what extent Perdue will be able to reimburse BIDS for attorney fees when he is released from prison. If Perdue discovers that the obligation to pay attorney fees imposes a manifest hardship on him or his family, he is free to petition the court at that time for a waiver of all or part of the amount due. See K.S.A. 22-4513(b). Our Supreme Court has made it clear that the fact that K.S.A. 22-4513(b) permits a defendant to petition for a waiver does not change the mandatory language of the statute or mean that the waiver procedure is intended as a

7

substitute for the sentencing court's initial consideration of a defendant's finances. *Robinson*, 281 Kan. at 544. Nevertheless, the waiver provision in the statute serves an important purpose, especially for a defendant such as Perdue who is facing several years of prison before he will be required to reimburse BIDS for attorney fees.

To sum up, in determining the amount of attorney fees Perdue was ordered to pay, the district court considered his financial resources and the nature of the burden that payment of such sum would impose. The district court explained on the record that the amount of attorney fees was based on Perdue's lack of financial resources, the nature of his employment, his family size, and his educational level. Instead of ordering Perdue to pay $2,600 in attorney fees as recommended by the reimbursement tables, the district court assessed the fees at $500. Perdue makes no claim on appeal that this amount was an abuse of discretion. We conclude that the district court sufficiently complied with the requirements of K.S.A. 22-4513 in assessing the BIDS attorney fees.

Affirmed.