NOT DESIGNATED FOR PUBLICATION

No. 124,652

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN M. KIDD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; KEITH SCHROEDER, judge. Opinion filed December 9, 2022. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Justin M. Kidd appeals the district court's denial of his post-conviction but presentencing motion for mental health evaluation. On appeal, Kidd contends that the district court erred in denying his request for a mental health evaluation prior to sentencing. Based on our review of the record, we find that the district court's decision was reasonable and that it was not based on an error of law or on a mistake of fact. As a result, we conclude that the district court did not abuse its discretion. Thus, we affirm the district court's decision denying Kidd's motion for mental health evaluation prior to sentencing.

1

On July 21, 2020, the State charged Kidd with attempted first-degree intentional and premeditated murder, aggravated assault with a deadly weapon, and three counts of criminal threat. As a result of plea negotiations, Kidd agreed to plead guilty to each of the charges in return for the State agreeing to refrain from filing attempted capital murder charges against him. Moreover, as part of the plea agreement, the parties agreed to recommend the standard, mid-range presumptive sentences for each conviction and to run all sentences concurrent. Kidd also agreed to serve the sentences imposed by the district court, to not file a motion to withdraw plea, and to waive his right to a direct appeal, unless the sentences imposed were illegal.

At the plea hearing held on July 29, 2021, the State advised the district court of the terms of the plea agreement and both parties represented that the recitation was accurate. In addition, the district court conducted a colloquy with Kidd in which it advised him of the legal rights he would be waiving if he pled to the charges. The district court also questioned Kidd to determine—among other things—that his proposed plea was being freely and voluntarily entered. The district court also reviewed an Acknowledgment of Rights and Entry of Plea form signed by Kidd that set forth the terms of the plea agreement and in which he certified that he was in control of his mental faculties and judgment. Accordingly, the district court accepted Kidd's plea, found him guilty on all charges, and ordered a presentence investigation (PSI) report.

Prior to sentencing, Kidd filed a motion for mental evaluation in which he sought a mental health evaluation as part of the PSI process. In his motion, Kidd summarized his mental health history and recognized that a sentencing court has "substantial discretion" in dealing with defendants who have a mental illness. The motion also noted that depending on the results of a mental evaluation, Kansas law provides the district court with the authority to commit defendants to a mental health facility instead of prison.

At a hearing held on September 24, 2021, the district court asked Kidd if the motion was "essentially a motion to withdraw plea" because it appeared to be requesting that it do something inconsistent with the terms of the plea agreement. In response, Kidd explained that the district court should not consider the motion as an attempt to withdraw his plea. Instead, the parties agreed that the motion had nothing to do with Kidd's competency to enter his plea, but only related to whether he would serve his sentence in prison or in a security hospital. Although the district court expressed concern regarding the delay involved in completing a mental health evaluation, it agreed to continue the matter to October 8, 2021.

Two days before the next hearing, Kidd filed a supplemental memorandum in support of his motion for mental evaluation. At the hearing, Kidd stood on the arguments made in his motion and supplemental memorandum. The State argued that the information regarding Kidd's mental health history had already been presented to the district court by way of the motion and the supplemental memorandum. In response to an inquiry from the district court, the parties agreed that it would take about nine months to receive a report should a mental health evaluation be ordered.

After considering the arguments of counsel, the district court denied Kidd's motion for mental evaluation. In doing so, the district court explained that it was aware of Kidd's prior mental health history. In addition, the district court expressed concern about the possible delay involved should it grant the motion as well as its concern about the motion being an attempt to avoid the terms of the plea agreement regarding the sentence to be imposed. The district court noted that Kidd had not claimed to be incompetent or to have diminished capacity prior to entering the plea agreement in which he agreed to a guideline sentence.

After denying the motion for mental evaluation, the district court proceeded to sentencing. Kidd's counsel asked the district court to consider his client's mental health

history in determining an appropriate sentence. Kidd's wife—who was one of the victims in this case—told the district court that she had tried to help him with his mental health issues for the past 20 years. She explained the pain and loss that she and her children experienced as a result of Kidd's actions. Kidd's wife also detailed her fear for her safety when Kidd is released from custody.

Although Kidd was given the opportunity to address the district court before the imposition of his sentence, he simply stated: "Well, I'm sorry. As far as sentencing I think, you know, that ten years is enough. I think fifteen is ridiculous." Kidd presented no other evidence and called no witnesses at the sentencing hearing. Finding Kidd's criminal history score to be category H, the district court sentenced him to a total of 220 months in prison to be followed by 36 months of postrelease supervision.

ANALYSIS

At the outset, we note that the State asserts that Kidd knowingly and voluntarily waived his right to appeal his sentence. As the State points out, Kidd received sentences within the presumptive sentences for the crimes of conviction. Nor is there any allegation that the sentences imposed were illegal. In his reply brief, Kidd contends that he did not waive his right to appeal the denial of a motion for mental evaluation. Under the circumstances presented, we find that it is appropriate to consider the limited issue presented in this appeal on the merits.

The sole issue presented on appeal is whether the district court erred in denying Kidd's motion for mental health evaluation as part of the PSI process. A district court's ruling on whether to order a mental evaluation pursuant to K.S.A. 2021 Supp. 22-3429 is reviewed for an abuse of discretion. *State v. Evans*, 313 Kan. 972, 992, 492 P.3d 418 (2021). A judicial action constitutes an abuse of discretion only if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error

4

of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). To the extent that the issue presented requires us to interpret a statute, our review is unlimited. *State v. Stoll*, 312 Kan. 726, 736, 480 P.3d 158 (2021). Likewise, our review over claims of due process violations is unlimited. *State v. Phillips*, 289 Kan. 28, 32, 210 P.3d 93 (2009).

Kidd argues that the district court erred in denying his presentence motion for mental evaluation by incorrectly tying its determination to the fact that he did not allege incompetency or diminished capacity prior to entering his plea. In particular, Kidd claims that the district court failed to recognize the distinction between competency to stand trial or enter a plea and the consideration of a defendant's mental health in making sentencing decisions. Additionally, Kidd briefly argues the district court violated his statutory right to allocution as well as his constitutional right to due process by failing to grant his motion for mental evaluation.

In response, the State argues that it cannot be an abuse of discretion for the district court to deny a motion for mental evaluation when Kidd entered into a plea agreement in which he expressly agreed to serve a presumptive prison sentence. The State also argues that the district court understood the purpose of the motion for mental evaluation and understood that such a motion is distinct from a motion to determine a defendant's competency to stand trial or enter a plea. Further, the State argues that the district court was sufficiently aware of Kidd's mental health history prior to imposing its sentence and that Kidd did not explain what—if any—additional information might be gleaned from a mental evaluation.

Under Kansas law, once a defendant has been convicted—but not yet sentenced—a district court may order the defendant to be "committed for mental examination, evaluation and report" as part of the PSI process. K.S.A. 2021 Supp. 22-3429. In turn, the results of the evaluation may be used by the district court to determine: (1) if the defendant needs psychiatric care and treatment, (2) if mental health treatment may

materially aid in the defendant's rehabilitation, and (3) if the defendant and the public will likely be endangered by ordering mental health treatment instead of imprisonment. K.S.A. 2021 Supp. 22-3430(a). If the district court orders a mental health evaluation, it may—depending on the outcome—sentence the defendant to treatment at a state security hospital or a similar mental health care institution in lieu of imprisonment in a prison. K.S.A. 2021 Supp. 22-3430(a). Likewise, K.S.A. 2021 Supp. 22-3431 controls the discharge of a defendant committed to a mental health institution under K.S.A. 2021 Supp. 22-3430.

In *Evans*, 313 Kan. at 992, the Kansas Supreme Court rejected an argument that a district court must grant a motion pursuant to K.S.A. 2020 Supp. 22-3429 unless it provides a compelling reason not to grant the request. Specifically, our Supreme Court found that the decision whether to order a mental health evaluation as part of the PSI process is left to the discretion of the district court. Furthermore, the defendant has the burden to persuade a district court that a mental health evaluation will serve the interests of justice. 313 Kan. at 993. Likewise, the plain language of K.S.A. 2020 Supp. 22-3429 does not require that a district court make specific findings in denying a motion for mental evaluation, and our Supreme Court declined to impose such a burden on district courts. 313 Kan. at 992.

In support of his argument on appeal, Kidd cites us to the United States Supreme Court's decision in *Kahler v. Kansas*, 589 U.S. __, 140 S. Ct. 1021, 1031, 206 L. Ed. 2d 312 (2020). However, *Kahler* does not address the issue presented in this case. Instead, it holds that Kansas law "permits a defendant to offer whatever mental health evidence he deems relevant at sentencing." 140 S. Ct. at 1031. A review of the record in this case reveals that the district court did give Kidd an opportunity to present whatever mental health evidence he deemed to be relevant at sentencing. However, Kidd chose not to present any such evidence.

Here, a review of the record shows that the district court was aware of Kidd's mental health history and found that ordering a mental health evaluation was unnecessary. The district court also expressed several concerns regarding Kidd's request including whether it was an attempt to avoid the plea agreement that he had voluntarily entered into with the State. The district court also expressed concern about whether any additional information that might be gleaned from a mental health evaluation would justify a nine-month delay in sentencing.

Kidd argues that the district abused its discretion by "adding irrelevant requirements and concerns not found in the statutory language regarding mental evaluations pursuant to K.S.A. 22-3429, K.S.A. 22-3430, and K.S.A. 22-3431." Again, based on a review of the record, we find that the district court considered all the information available to it before deciding to deny the motion for mental evaluation. Moreover, the statutory scheme does not provide any specific criteria that a district court may consider in ruling on a motion for mental evaluation. See K.S.A. 2021 Supp. 22-3429; K.S.A. 2021 Supp. 22-3430; K.S.A. 2021 Supp. 22-3431.

The record reflects that the district court considered Kidd's mental health history, the fact that no concerns about his current mental health status were expressed prior to him entering into the plea agreement, and the length of the delay in sentencing that a mental health evaluation would cause. In addition, the district court noted that Kidd would have the opportunity to seek mental health treatment—if necessary—after he was placed in the custody of the Kansas Department of Corrections to serve his sentence.

As our Supreme Court has found, a defendant has the burden to persuade the district court that a mental health evaluation serves the interests of justice. Here, Kidd stood on the arguments made in his motion for mental evaluation and supplemental memorandum at the hearing on the motion. He did not present any evidence from mental health care providers—to establish why a mental health evaluation was in the interests of

justice. In other words, Kidd failed to carry his burden of proof, and we cannot say it was unreasonable for the district court to deny Kidd's motion for a mental health evaluation under these circumstances.

In an attempt to show that the district court abused its discretion in denying his motion for mental evaluation, Kidd argues that his due process rights were violated as was his statutory right to allocution. Our Supreme Court has held that defendants have the due process right to "deny or explain information considered in determining the appropriate sentence." *State v. Scales*, 261 Kan. 734, 740, 933 P.2d 737 (1997). Additionally, Kansas law provides criminal defendants the right to allocution which allows defendants to be heard before the district court imposes a sentence. K.S.A. 2021 Supp. 22-3424. Under K.S.A. 2021 Supp. 22-3424(e)(4), the district court shall "address the defendant personally and ask the defendant if the defendant wishes to make a statement on the defendant's own behalf and to present any evidence in mitigation of punishment."

Prior to imposing its sentence in this case, the district court gave Kidd the opportunity to present evidence in mitigation of punishment, but he did not do so, nor did he proffer any such evidence. The district court also gave Kidd the opportunity to speak on his own behalf as required by K.S.A. 2021 Supp. 22-3424(e)(4). In fact, Kidd made a short statement on his own behalf in which he briefly apologized for his actions and opined on the length of sentence the district court should impose.

Once again, it is important to recognize the Kansas Supreme Court's holding in *Evans*. As explained above, in *Evans* our Supreme Court emphasized the permissive nature of K.S.A. 2020 Supp. 22-3429. 313 Kan. at 993. In doing so, it rejected the argument that "mental evaluations [should] be the rule, and not ordering them would be an exception subject to close appellate scrutiny." 313 Kan. at 992. In addition, our Supreme Court recently revisited *Evans* in *State v. Hilyard*, 316 Kan. 326, 344, 515 P.3d

267 (2022), and reiterated that a mental evaluation pursuant to K.S.A. 2021 Supp. 22-3429 is discretionary. 316 Kan. at 344. Accordingly, we do not find Kidd's argument that the district court violated his due process rights or his statutory right to allocution to be persuasive.

In summary, we find that the district court's decision to deny Kidd's motion for mental evaluation was not unreasonable, arbitrary, or capricious. Likewise, we find that the district court did not err as a matter of law, nor was its decision based on a mistake of fact. In particular, we find that neither Kidd's constitutional due process rights nor his statutory right to allocution were violated. Consequently, we affirm.

Affirmed.