NOT DESIGNATED FOR PUBLICATION

No. 116,809

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM NORMAN STIERWALT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Allen District Court; DANIEL D. CREITZ, judge. Opinion filed September 22, 2017. Vacated and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Jacqie Spradling*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., BUSER and LEBEN, JJ.

PER CURIAM: William N. Stierwalt pled no contest to one count of reckless aggravated battery as the result of a car wreck that he caused while under the influence of alcohol. At sentencing, Stierwalt was ordered to pay $2,670.02 in "Medical Costs/Expenses Reimbursement." Stierwalt appeals, arguing that the sentencing court abused its discretion in assigning the medical costs or expenses reimbursement to him because the record does not support a finding that he incurred any medical costs or expenses. Finding merit in Stierwalt's argument, we vacate the medical cost reimbursement amount of $2,670.02 and remand with directions to determine whether the medical costs imposed have a sufficient basis in fact based on the record.

1

On February 11, 2014, Stierwalt was charged with one count of aggravated battery under K.S.A. 2012 Supp. 21-5413(b)(2)(A); one count of driving under the influence of alcohol or drugs under K.S.A. 2012 Supp. 8-1567(a)(2); one count of transportation of liquor in an open container under K.S.A. 2012 Supp. 8-1599; and one count of failure to stop and remain at the scene of an accident under K.S.A. 2012 Supp. 8-1602(a). The charges stemmed from a car wreck that Stierwalt caused on June 6, 2013, in Allen County, Kansas. Stierwalt ran a stop sign, causing another car to collide with his. Stierwalt did not stop at the scene of the accident. The driver of the other car, Amanda Hime, was transported to the Iola Hospital with a severe leg injury. Hime was taken by helicopter from Iola Hospital to Overland Park Regional Hospital for surgery. She underwent surgery on her broken leg for nearly 3 hours. Hime's injury will cause her to walk with a limp for the remainder of her life.

Stierwalt later entered into a plea agreement with the State. Stierwalt pled no contest to one count of aggravated battery under K.S.A. 2012 Supp. 21-5413(b)(2)(A). In return for his plea, the State dismissed the remaining counts against him. The court ordered a presentence investigation (PSI) report and set sentencing for March 23, 2015.

Stierwalt failed to appear at his sentencing set for March 23, 2015. After Stierwalt went through a series of attorney changes, his sentencing hearing was set for May 9, 2016. Before sentencing, Stierwalt filed a presentence agreement in which he acknowledged his failure to appear and asked the court for a durational departure down to 75 months' imprisonment. His motion asserted that the State had agreed to such a departure. The standard presumptive prison sentence for Stierwalt's crime would have been 130 months.

At his sentencing hearing on May 9, 2016, Stierwalt did not object to his PSI. The court acknowledged the parties' presentence agreement and sentenced Stierwalt to a

2

prison term of 75 months. The court then addressed the costs set forth in the PSI. Page 5 of the PSI listed the following proposed costs: (1) $193 in Court Costs; (2) $200 in DNA Database Fees; (3) $45 in Booking/Fingerprint Fees; (4) an amount to be determined in BIDS Application Fees; (5) an amount to be determined in Court-Appointed Attorney Fees; and (6) $2,670.02 in Medical Costs/Expenses Reimbursement. The court stated the following in regard to the proposed costs:

> "And then as far as costs . . . the Court finds the defendant is not going to have the ability to pay the attorney fee or application fee because he's going to be incarcerated and not have a source of income. So the Court finds that he doesn't have the ability to pay those and, therefore, those will be considered waived.
> "All the other costs are statutory and ordered."

Stierwalt contested the court's imposition of the DNA Database Fee. He argued that because he already had his DNA taken in two previous cases, the State would not have to perform another DNA test and would thus have no cost to recoup. The court stated: "As long as it doesn't have to be done, there is no need to have that fee but if it has to be done, then it will be assessed." Stierwalt did not contest any of the other costs ordered before his sentencing was concluded. Stierwalt timely appealed.

*Did the Sentencing Court Abuse Its Discretion When It Ordered Stierwalt to Pay Medical Costs or Expenses Reimbursement?*

Stierwalt argues that the sentencing court abused its discretion in ordering him to repay medical costs or expenses reimbursement because "[t]here is no indication in the record that [he] incurred any medical costs or expenses." The State argues that the sentencing court did not abuse its discretion because in Stierwalt's plea agreement, he agreed to "be responsible for payment of court costs and fines." While the sentencing court did not expressly order the medical costs or expenses reimbursement under a specific statute, we recognize that the authority to impose such costs is granted by K.S.A.

3

2016 Supp. 21-6604(a)(8) ("Whenever any person has been found guilty of a crime, the court may adjudge any of the following: . . . order the defendant to . . . repay the amount of any medical costs and expenses incurred by any law enforcement agency or county.").

Before we consider the parties' substantive arguments, we must address a preliminary issue. Stierwalt concedes on appeal that the issue was not raised before the sentencing court. Still, he argues that we are not precluded from addressing the merits of his argument. Thus, our first question is whether Stierwalt's appeal is properly before this court.

Generally, issues not raised before the trial court—even constitutional issues— cannot be raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

> "There are three exceptions to the rule:  (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court is right for the wrong reason." *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Stierwalt acknowledges that no case exists specifically dealing with the ability of an appellate court to consider an argument relating to medical costs or expenses reimbursement ordered under K.S.A. 2016 Supp. 21-6604(a)(8) for the first time on appeal. Still, Stierwalt argues that "[t]his issue presents a question of law as well as the fundamental right to due process." Thus, he asserts that we can address his argument for the first time on appeal.

Stierwalt argues that *State v. Robinson*, 281 Kan. 538, 541, 132 P.3d 934 (2006), provides guidance on our preliminary issue. In *Robinson*, our Supreme Court considered the appellant's argument relating to the propriety of the Board of Indigents' Defense

4

Services (BIDS) fees and attorney fees, even though the appellant had failed to raise the issue before the trial court. The court addressed the appellant's argument because it presented "a question of law arising on proved or admitted facts and [wa]s finally determinative of the case. [Citation omitted.]" 281 Kan. at 541. Stierwalt also provides examples of appellate courts addressing issues of restitution and Kansas Bureau of Investigation lab fees for the first time on appeal. See *State v. Duron*, No. 112,962, 2016 WL 765398 (Kan. App. 2016) (unpublished opinion); see also *State v. Smith*, No. 111,747, 2015 WL 1783770 (Kan. App. 2015) (unpublished opinion).

The State does not address whether Stierwalt raised this issue before the sentencing court. Instead, the State asks this court to enforce the plea agreement, which required Stierwalt to "be responsible for payment of court costs and fines." The State's argument is simple—because Stierwalt agreed to pay court costs, he must pay the medical costs or expenses reimbursement ordered by the court.

Before we consider the State's argument, we determine that we may consider Stierwalt's argument even though he failed to raise it below. We are presented with a question of law arising out of proved or admitted facts that is finally determinative of Stierwalt's appeal. Moreover, Stierwalt implicates his due process rights. Still, we do not take Stierwalt's failure to raise the issue below lightly. Stierwalt failed to object to the PSI, which was the original document listing the $2,670.02 for medical costs or expenses reimbursement. Furthermore, Stierwalt failed to object to the medical costs imposed at his sentencing hearing. Because Stierwalt failed to make a timely objection, we were required to spend a couple pages addressing whether we should address this issue for the first time on appeal. This was an unnecessary expenditure of our time.

Having settled our preliminary issue, we move forward to determine whether the sentencing court abused its discretion in ordering Stierwalt to pay medical costs or

5

expenses reimbursement. First, we will address the State's contention that the sentencing court properly ordered the costs as authorized under Stierwalt's plea agreement.

As we previously noted, Stierwalt's original plea agreement stated that he would "be responsible for payment of court costs and fines." The State argues that the medical costs or expenses that Stierwalt was ordered to pay should be interpreted as "court costs and fines" under his plea agreement. So, the State simply asks us to enforce his plea agreement and affirm his sentence. But Stierwalt argues that medical costs or expenses are not "court costs and fines" and, thus, are not contemplated by the plea agreement. Stierwalt points to the statutes authorizing the order of costs as part of a defendant's sentence to show that medical costs or expenses should not be considered "court costs and fines." Stierwalt's argument has merit. Despite the State's attempt to make this an issue of plea agreement enforcement, we note that the costs and expenses imposed do not fall under the language of the agreement.

To assess Stierwalt's argument, it requires us to interpret and compare certain sentencing statutes. The interpretation of a statute is a question of law over which this court exercises unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

K.S.A. 2016 Supp. 21-6604 lists which dispositions a sentencing court is generally authorized to impose. As Stierwalt points out, K.S.A. 2016 Supp. 21-6604(a)(8) specifically authorizes a judge to order, among other things, "medical costs and expenses incurred by any law enforcement agency or county." "Fines" are covered under an entirely separate section of the same statute. See K.S.A. 2016 Supp. 21-6604(a)(2) (trial court may impose fines applicable to defendant's offense). And "court costs" are indirectly addressed under a separate section of the same statute. See K.S.A. 2016 Supp. 21-6604(d) (court shall impose reimbursement of county general fund for expenditures by county to provide counsel and defense services). More specifically, "court costs" are

addressed under an entirely separate statute than medical costs and expenses. See K.S.A. 22-3801(a) ("If the defendant in a criminal case is convicted, the court costs shall be taxed against the defendant and shall be a judgment against the defendant which may be enforced as judgments for payment of money in civil cases.").

These comparisons show that the reimbursement of medical costs or expenses imposed at Stierwalt's sentencing hearing was separate from any "court costs and fines" addressed in his plea agreement. This conclusion is also supported by Stierwalt's sentencing journal entry of judgment which listed "Total Court Costs," "Total Fines," and "Medical Costs/Expenses Reimbursement" all as separate "Costs Ordered." Thus, we hold that the medical costs or expenses reimbursement ordered under K.S.A. 2016 Supp. 21-6604(a)(8), were not "court costs and fines" as contemplated by Stierwalt's plea agreement. Accordingly, the State's argument that we should affirm the costs based on the plea agreement fails.

Still, we must address Stierwalt's assertion that the trial court abused its discretion in imposing the costs. The imposition of costs under K.S.A. 2016 Supp. 21-6604(a)(8) is discretionary with the court, so we review the imposition for an abuse of discretion. See *Puckett v. Bruce*, 276 Kan. 59, 62-63, 73 P.3d 736 (2003); see also K.S.A. 2016 Supp. 21-6604(a) ("court may adjudge . . ."). A trial court abuses its discretion (1) when no reasonable person would agree with the trial court; (2) when its action is based on an error of law; or (3) when its action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Stierwalt argues in his brief that the sentencing court abused its discretion in ordering him to pay medical costs or expenses reimbursement under K.S.A. 2016 Supp. 22-6604(a)(8) "without making any finding to support the assessment of that discretionary cost." Stierwalt specifically argues that the court's action deprived him of due process.

7

The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a person be afforded the right to be heard in a meaningful way when there is potential for that person to be deprived of "life, liberty, or property." U.S. Const. amend. XIV, § 1; *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). As far as Stierwalt's appeal contemplates his due process rights, our standard of review is unlimited. *State v. Phillips*, 289 Kan. 28, 32, 210 P.3d 93 (2009).

Stierwalt offers *Phillips* in support of his contention that the sentencing court violated his due process rights. In *Phillips*, our Supreme Court addressed "whether a district judge may validly order a defendant who has been convicted of a felony to pay a docket fee, a booking fee, [BIDS] attorney fees, and a BIDS application fee if the judge did not announce the order in open court during the sentencing proceeding." 289 Kan. at 29. The appellant argued that imposing the fees in the journal entry of judgment without oral announcement violated Kansas statutes requiring felony criminal judgments to be announced in open court. The Supreme Court rejected the appellant's argument, holding that the fees under consideration were not part of the appellant's sentence because they were not imposed for punishment. Thus, the court held that "costs need not be stated as part of the judgment in open court, although the better practice is to do so." 289 Kan. at 30. Even so, and most importantly for our purpose here, the court held "that due process requires a judge to make the findings necessary to support the allocation and assessment of any costs where the assessment or amount is not mandatory, *i.e.*, where the legislature has granted judges with discretion to impose costs or to determine the amount of costs." 289 Kan. at 30. Because the trial court in *Phillips* did not make such findings, our Supreme Court vacated the costs imposed and remanded the case for reconsideration. 289 Kan. at 30.

Here, as Stierwalt asserts, the sentencing court failed to make the findings necessary to support the allocation and assessment of medical costs or expenses

8

reimbursement under K.S.A. 2016 Supp. 21-6604(a)(8), which we have established is a discretionary and not a mandatory statute. Even though *Phillips* did not specifically contemplate K.S.A. 2016 Supp. 21-6604(a)(8), it applies to Stierwalt's appeal. There is no dispute that the sentencing court here did not specifically address the medical costs or expenses reimbursement number listed on Stierwalt's PSI report. The court made only a general announcement that the costs were statutory and ordered. But the medical costs or expenses were within the discretion of the trial court. As a result, the medical costs or expenses required a finding of fact supporting their imposition. Without the requirement of such a finding, the prosecuting attorney would be free to write in any arbitrary number without any worry of judicial scrutiny. Indeed, here it is impossible to tell from the record what the medical costs or expenses were being allocated for.

Because the sentencing court here did not make the necessary findings to support the imposition of discretionary costs under K.S.A. 2016 Supp. 21-6604(a)(8), it denied Stierwalt due process and abused its discretion. Accordingly, we vacate the order for Stierwalt to pay $2,670.02 in Medical Costs/Expenses Reimbursement and remand to the sentencing court. On remand, the sentencing court must determine whether the costs imposed have a sufficient basis in fact.

Vacated and remanded with directions.