NOT DESIGNATED FOR PUBLICATION

No. 118,137
118,138

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARTIN E. MACHUTTA,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed May 4, 2018. Affirmed.


Submitted for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h).


Before MALONE, P.J., LEBEN and POWELL, JJ.


PER CURIAM: In this consolidated appeal, Martin Machutta appeals the sentences from two separate convictions: interference with law enforcement, 16-CR-2509; and criminal use of a financial card, 16-CR-2842—both class A misdemeanors. See K.S.A. 2015 Supp. 21-5904(a)(1)(C), (b)(2); K.S.A. 2015 Supp. 21-5828(a)(1), (b)(3). As we understand the issues he has raised, Machutta argues that the district court erred by: (1) sentencing him to three months for each of his 2016 convictions; (2) ordering that Machutta's sentences for the new offenses be consecutive to each other and consecutive to his sentence for his 2016 convictions; and (3) ordering him to pay some court costs, including witness fees and miscellaneous expenses, without making an oral pronouncement of that order during the sentencing.

Before we get to those issues, let's review the convictions that resulted in these sentences and orders. Machutta pleaded guilty in separate cases to interference with law enforcement and to criminal use of a financial card. When Machutta committed the crimes, he was serving probation for his 2016 convictions for possession of methamphetamine and criminal possession of a firearm. Under a plea agreement, the State recommended that the court sentence Machutta to six months in prison for interference with law enforcement, which he would serve concurrent with a 12-month sentence for criminal use of a financial card. Also under the agreement, the State requested that the 12-month sentence be consecutive to the underlying 62-month sentence from his 2016 convictions.

At the same time the court sentenced Machutta for these new offenses, it revoked his probation and imposed the underlying 62-month sentence. The court then sentenced Machutta to serve three months in jail on each of the new convictions—and the court ordered that those sentences be consecutive to each other and to the sentence on the 2016 offenses. That resulted in a total prison and jail sentence of 68 months. Machutta then appealed to this court.

We begin by considering the three-month sentences for each of the 2016 offenses. Since the maximum sentence for a conviction of a class A misdemeanor is one year in jail, Machutta's three-month sentences were well within the statutory maximum. K.S.A. 2015 Supp. 21-6602(a)(1). We review the sentence for a misdemeanor conviction only for abuse of discretion if the sentence is within the statutory maximum. A court abuses its discretion if it bases its decision on an error of fact or law or when its decision is so unreasonable that no reasonable person would agree with it. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

2

Machutta makes no claim that his three-month sentences for interference with law enforcement and criminal use of a financial card were an abuse of discretion. Machutta's sentences were appropriate for his crimes, and a reasonable person could agree with the court's decision. So the district court didn't abuse its discretion by sentencing Machutta to three-month sentences for each of his 2016 convictions.

Likewise, the district court didn't err by making Machutta's new sentences consecutive to each other and consecutive to his prior sentence. The district court had the discretion to run Machutta's new sentences consecutive to each other, so once again we review that decision only for an abuse of discretion. *Mosher*, 299 Kan. at 2-3. Here, the district court's sentence complied with statute and resulted in a shorter amount of time in jail than the State's recommended sentence. And a statute, K.S.A. 2015 Supp. 21-6606(c), requires that the sentence for crimes committed while on probation be consecutive to the sentence for which the defendant was serving that probation. So a reasonable person could agree with the court's decision to make the two three-month sentences consecutive to one another and to the sentence in the 2015 case.

Finally, with respect to court costs, the Kansas Supreme Court has recognized that the assessment of these costs to the defendant is not intended as punishment and thus does not form part of the sentence imposed on a criminal defendant. See *State v. Phillips,* 289 Kan. 28, 34-35, 210 P.3d 93 (2009). Instead, they are a way to recoup government expenses associated with operating the criminal-justice system. 289 Kan. at 34-35. Because they aren't part of the criminal sentence, a district court need not orally impose them during a sentencing hearing and may simply include them in the journal entry of judgment, as was done here. 289 Kan. at 41-42.

On Machutta's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S.

Ct. R. 47). We have reviewed the record of the sentencing court, and we find no error in the sentences it imposed.

We affirm the district court's judgment.