NOT DESIGNATED FOR PUBLICATION

No. 118,335

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EARL F. CROOKS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed May 25, 2018. Affirmed in part and vacated in part.

Submitted for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Earl Crooks was convicted of two counts of aggravated assault of a law-enforcement officer and one count of criminal possession of a firearm. Crooks now appeals the sentence he received for those crimes, arguing that the district court erred by: (1) imposing a 66-month prison sentence and making his sentences consecutive to each other; (2) using prior convictions to enhance his sentence; (3) ordering him to pay witness and DNA-database fees without making an oral pronouncement of that order during the sentencing hearing; (4) ordering him to pay the Board of Indigents' Defense Services application fee without first considering his financial resources on the record; (5) and imposing a no-contact order as part of his sentence.

FACTUAL AND PROCEDURAL BACKGROUND

Crooks pleaded guilty to two counts of aggravated assault of a law-enforcement officer and one count of criminal possession of a firearm in September 2015. Under the plea agreement, the State dismissed an additional count of criminal discharge of a firearm. Both parties recommended the court sentence Crooks to the maximum sentence for each count and for those sentences to be consecutive to each other.

The court followed the parties' recommendation and ordered Crooks to serve 66 months in prison: consecutive sentences of 38 months for the first count of aggravated assault of a law-enforcement officer; 19 months for the second count of aggravated assault of a law-enforcement officer; and 9 months for criminal possession of a firearm. Crooks will also have 24 months of postrelease supervision. The court also ordered Crooks to have no contact with his victims—two police officers—while in prison or on postrelease supervision.

ANALYSIS

Crooks first argues that the district court erred by imposing a 66-month prison sentence. We don't have jurisdiction to review "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." K.S.A. 2017 Supp. 21-6820(c)(2). Nor does it have jurisdiction to review sentences that fall within the presumptive sentence for the crime. K.S.A. 2017 Supp. 21-6820(c)(1). Since the district court imposed the recommended sentence, which fell within the presumptive sentencing range, we do not have jurisdiction to review the sentence.

Likewise, the district court didn't err by making Crooks' new sentences consecutive to each other. The district court had the discretion to run Crooks' new sentences consecutive to each other, so we review that decision only for an abuse of

2

discretion. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the district court. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). Here, especially given the parties' plea agreement recommendation of consecutive sentences, a reasonable person could agree with the court's decision to make Crooks' sentences consecutive to each other.

Second, Crooks says the court violated his constitutional rights when it used his prior convictions to calculate his criminal-history score, which was used to enhance his sentence. Crooks cites *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), which held that the Sixth Amendment to the United States Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum—"[o]ther than the fact of a prior conviction"—must be submitted to a jury and proved beyond a reasonable doubt.

But Crooks also recognizes that the Kansas Supreme Court has already considered this issue and confirmed that *Apprendi* does not keep the sentencing court from considering the mere fact of a prior conviction when applying the Kansas sentencing guidelines. Accordingly, a defendant's criminal-history score doesn't have to be proved to a jury beyond a reasonable doubt before it can be used to increase a defendant's sentence. See, e.g., *State v. Overman*, 301 Kan. 704, 716, 348 P.3d 516 (2015); *State v. Ivory*, 273 Kan. 44, 47-48, 41 P.3d 781 (2002). The district court did not err by considering Crooks' prior convictions to calculate his criminal-history score and impose the guidelines sentence.

Third, Crooks says the court improperly imposed DNA-database and witness fees by not pronouncing those fees at sentencing. But the Kansas Supreme Court has recognized that the assessment of these costs to the defendant is not intended as punishment and, thus, does not form part of the sentence imposed on a criminal

3

defendant. See *State v. Phillips,* 289 Kan. 28, 34-35, 210 P.3d 93 (2009). Instead, they are a way to recoup government expenses associated with operating the criminal-justice system. 289 Kan. at 34-35. Because they aren't part of the criminal sentence, a district court need not orally impose them during a sentencing hearing and may simply include them in the journal entry of judgment, as was done here. 289 Kan. at 41-42.

Next, Crooks says that the court erred by making him pay the Board of Indigents' Defense Services application fee without first considering his financial resources on the record. But Crooks had not yet paid the application fee when he was sentenced, so the district court was permitted to include the unpaid fee in the sentencing order without making any additional findings on the record. See *State v. Scaife*, 286 Kan. 614, Syl. ¶ 7, 186 P.3d 775 (2008).

Last, Crooks argues that the district court imposed an illegal sentence when it imposed a no-contact order as part of his sentence. A sentencing court exceeds its authority when it imposes both prison time and a no-contact order as a condition of postrelease supervision. *State v. Bowen*, 299 Kan. 339, 359, 323 P.3d 853 (2014). The State agrees that the no-contact order was inappropriate in Crooks' case, and both parties agree that this court should vacate the no-contact order.

On Crooks' motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record of the sentencing court and find only one error in Crooks' sentence—imposing a no-contact order.

We vacate the no-contact order. Otherwise, we affirm the district court's judgment.